Donald J. WHYTE, Plaintiff-Appellant,

v.

THinc CONSULTING GROUP
INTERNATIONAL, etc., et
al., Defendants-Appellees.

No. 81–1004.

United States Court of Appeals,
Seventh Circuit.

Argued April 28, 1981.
Decided Sept. 22, 1981.

John W. Werner, Oak Brook, Ill., for plaintiff-appellant.

Albert H. Blumenthal, New York City, for defendants-appellees.

Before CUMMINGS, Chief Judge, CU-DAHY, Circuit Judge, and WYATT *, Senior District Judge.

* The Honorable Inzer B. Wyatt, Senior District Judge of the Southern District of New York, is sitting by designation.

818

CUMMINGS, Chief Judge.

This is an appeal from an order staying judicial proceedings and compelling arbitration pursuant to the United States Arbitration Act, 9 U.S.C. § 1 *et seq.* We grant defendants' motion to dismiss the appeal for want of appellate jurisdiction.

THinc Consulting Group International, Inc. (THinc), a New York corporation, is engaged in the executive outplacement business. Donald Whyte, a resident of Illinois, is a former employee of THinc now engaged in his own executive outplacement business. Whyte's written employment contract with THinc contained a covenant not to compete with THinc for two years following termination of his employment and also contained an arbitration clause. On July 21, 1980, THinc initiated arbitration proceedings against Whyte under the auspices of the American Arbitration Association in New York City, seeking to enforce the restrictive covenant. On August 6, Whyte filed a complaint in the Circuit Court of Cook County, Illinois, praying to enjoin the arbitration proceedings and for a declaratory judgment that the employment agreement was void and unenforceable. THinc removed the cause to the District Court for the Northern District of Illinois on the basis of diversity of citizenship and then moved to stay judicial proceedings

pending arbitration and to direct Whyte to submit to arbitration. Whyte cross-moved to remand the proceedings to the state court on the ground that the $10,000 federal jurisdictional requirement was not met. On December 17, Judge Will denied Whyte's motion and granted THinc's motion. This appeal followed.

■ An order staying judicial proceedings and directing arbitration that is entered as part of a continuing proceeding for other relief and does not result in dismissal of the action is not a final order within the meaning of 28 U.S.C. § 1291. *Schoenamsgruber v. Hamburg Line*, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989; *Great American Corp. v. I. C. P. Cocoa, Inc.*, 629 F.2d 1282 (7th Cir. 1980);[1] *Standard Chlorine of Delaware v. Leonard*, 384 F.2d 304 (2d Cir. 1967); *Alexander v. Pacific Maritime Ass'n*, 332 F.2d 266 (9th Cir. 1964), certiorari denied, 379 U.S. 882, 85 S.Ct. 150, 13 L.Ed.2d 88; *Rogers v. Schering Corp.*, 262 F.2d 180 (3d Cir. 1959), certiorari denied *sub nom. Hexagon Laboratories, Inc. v. Rogers*, 359 U.S. 991, 79 S.Ct. 1121, 3 L.Ed.2d 980; *John Thompson Beacon Windows, Ltd. v. Ferro*, 232 F.2d 366 (D.C.Cir.1956).[2] Under the so-called "Enelow-Ettelson" rule, the question whether an order granting or refusing a stay of judicial proceedings pending arbitration is one "granting or refusing * * *

1. The procedural posture of the parties in this case is in all material respects identical to that of the parties in *Great American*. There, as here, the appellant had attempted to obtain a judicial injunction against pending arbitration proceedings and a declaration that the disputed contract was void and unenforceable. The district court granted appellee's motion to compel arbitration and stay the judicial proceedings. This Court dismissed the appeal from those orders for want of jurisdiction in an unpublished order, but when the case subsequently was appealed after arbitration stated without discussion that the orders compelling arbitration and staying judicial proceedings were non-appealable interlocutory orders.

2. But see *City of Naples v. The Prepakt Concrete Company*, 494 F.2d 511 (5th Cir. 1974), in which the Fifth Circuit after initially holding that an order staying judicial proceedings and directing arbitration was an appealable interlocutory order changed its mind and on rehearing held that it was appealable as a final order.

We continue to adhere to the majority view to the contrary. As Judge Friendly has observed, "the arbitration cannot proceed to an enforceable result without further judicial action." *Lummus Company v. Commonwealth Oil Refining Company*, 297 F.2d 80, 86 (2d Cir. 1961), certiorari denied, 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524. *City of Naples* is thus contrary to the strong federal policy against piecemeal litigation as well as to the Supreme Court's holding in *Schoenamsgruber, supra,* which, although an admiralty case, is controlling. When a petition to compel arbitration is the only issue before a court, then a grant or dismissal of the petition is of course a final order. *E. g., Farr & Co. v. Cia. Intercontinental De Navegacio De Cuba, S. A.*, 243 F.2d 342 (2d Cir. 1957); cf. *Goodall-Sanford, Inc. v. United Textile Workers*, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (order directing arbitration under Section 301(a) of Taft-Hartley Act appealable as final judgment).

an injunction" within the meaning of 28 U.S.C. § 1292(a)(1) turns on whether the underlying cause of action is one which before the merger of law and equity was by its nature at law or in equity. See 9 Moore's Federal Practice, ¶ 110.20[4.–1]. If the underlying action is at law, the order is appealable on the reasoning that it is analogous to an equitable restraint of legal proceedings.[3] E. g., C. Itoh & Co. (America), Inc. v. Jordan International Co., 552 F.2d 1228 (7th Cir. 1977). Where, however, as here, the underlying action is itself equitable,[4] the order is not appealable because it is merely an order by a court of equity concerning the management of its own proceedings. E. g., Great American Trading Corp., supra;[5] see generally Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233; City of Morgantown v. Royal Insurance Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347; Ettelson v. Metropolitan Life Insurance Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176; Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583.

Whyte argues that the order staying the judicial proceedings and directing arbitration is nonetheless covered by Section 1292(a)(1) because it had the practical effect of refusing his request to enjoin the arbitration proceedings. There is a conflict among the Circuits on this question.[6] However, our previous cases indicate, albeit without discussion, that this Court is in agreement with the D.C. and Third Circuits that the appealability of an interlocutory order refusing or granting a stay of arbitration proceedings is also governed by the Enelow-Ettelson rule. See Lee v. Ply*Gem Industries, Inc., 593 F.2d 1266 (D.C.Cir. 1979); Stateside Machinery Co., Ltd. v. Alperin, 526 F.2d 480 (3d Cir. 1975). Thus a stay or refusal to stay arbitration proceedings is appealable where the underlying action is at law (e. g., Alberto-Culver Co. v. Scherk, 484 F.2d 611 (7th Cir. 1973), reversed on merits, 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270), but not appealable where the underlying action is, as here, equitable. E. g., Great American Trading Corp., supra.

Section 1292(a)(1) is a limited exception to the final judgment rule and is to be narrowly construed. Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23. Thus "orders that in no way touch on the merits of the claim but only relate to pretrial procedures are not" within its ambit. Id. at 24, 87 S.Ct. at 194. Indeed, the Supreme Court has consistently held that for an interlocutory order to be immediately appealable under Section 1292(a)(1), a litigant must show not only that the order appealed from has the practical effect of granting or refusing an injunction, but also that it may have "serious, perhaps irreparable, consequence" and can be "effectually challenged" only by immediate appeal. Carson v. American Brands, Inc., 450 U.S. 79, 101 S.Ct. 993, 994–98, 67 L.Ed.2d 59 (1981); Gardner v. Westinghouse Broad-

---

**3.** An agreement to arbitrate a legal dispute is considered for Enelow-Ettelson purposes an equitable defense. Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583.

**4.** Whyte asked for a declaratory judgment and for an injunction against the arbitration proceedings, both equitable remedies.

**5.** See note 1 supra.

**6.** The Second Circuit's position is that an order granting or denying a stay of arbitration proceedings is not appealable. Greater Continental Corp. v. Schechter, 422 F.2d 1100 (1970); Wilson Bros. v. Textile Workers Union, 224 F.2d 176 (1955), certiorari denied, 350 U.S. 834,

76 S.Ct. 70, 100 L.Ed. 745. The Ninth Circuit takes a contrary view, on the argument that a request to stay proceedings beyond the forum is "the classic form of an injunction." A. & E. Plastik Pak Co. v. Monsanto Co., 396 F.2d 710 (1968). The Fifth and Sixth Circuits have held that an order enjoining arbitration proceedings is appealable. See Texaco, Inc. v. American Trading Transportation Co., 644 F.2d 1152 (5th Cir. 1981); Buffler v. Electronic Computer Programming Institute, Inc., 466 F.2d 694 (6th Cir. 1972). The First Circuit has apparently determined that an order granting an injunction is appealable while a refusal to enjoin is not appealable. See New England Power Co. v. Asiatic Petroleum Co., 456 F.2d 183 (1972).

820

casting Co., 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364; *Switzerland Cheese Association, supra; Baltimore Contractors, Inc., supra.* Where the ultimate relief sought is something other than arbitration itself, an order determining whether the cause shall proceed initially by arbitration or by trial is not one that has irreparable consequence to the merits. However, the Enelow-Ettelson rule allows interlocutory appeal of orders that would not otherwise meet the criteria of Section 1292(a)(1) because of an outmoded distinction between law and equity that the Supreme Court has decided should be abolished by Congress, not the courts. *Baltimore Contractors, Inc., supra,* 348 U.S. at 184–185, 75 S.Ct. at 254. As long as the distinction is preserved, it should be employed uniformly irrespective of whether the order appealed from is one refusing or granting a stay of judicial proceedings and compelling arbitration or one refusing or granting a stay of the arbitration proceedings.

Appeal dismissed [7] with costs to defendants.

7. Whyte also appeals from the district court's denial of his motion to remand to state court. However, as he concedes in his Memorandum of Law in Opposition to Motion to Dismiss Appeal at 10–11, a denial of a motion to remand is, standing alone, a nonappealable interlocutory order. See *Chicago, Rock Island & Pacific RR Co. v. Stude, et al.,* 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317.