**MATTERHORN, INC., Plaintiff-Appellee,**

v.

**NCR CORPORATION,
Defendant-Appellant.**

**Nos. 82–2371, 82–2235.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 29, 1983.

Decided Feb. 7, 1984.

R. Davy Eaglesfield, III, Mishkin, Eaglesfield & Maher, Indianapolis, Ind., for defendant-appellant.

William J. Reinke and Patrick J. O'Neil, Barnes & Thornburg, South Bend, Ind., for plaintiff-appellee.

Before POSNER, COFFEY and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

This appeal is from two orders of the district court, 563 F.Supp. 1340, each denying a motion by appellant NCR Corporation to compel arbitration and to stay court proceedings pending arbitration. In No. 82–2371, the district court denied the motion outright. We dismiss this appeal as moot.[1] In No. 83–2235, the district court ruled that, pursuant to section 4 of the United States Arbitration Act (USAA), 9 U.S.C. §§ 1–14 (1982), it must conduct a trial on the making of the arbitration agreement. For the reasons stated below, we hold that we lack jurisdiction to decide this appeal, and thus, we dismiss the appeal.

---

1. Matterhorn argued in its brief to this court that the appeal in No. 82–2371 is moot because of the district court's second order (No. 83–2235). Appellee's Supplemental Brief at 5. At oral argument, counsel for NCR conceded that its appeal is moot. We agree, and for that reason, we dismiss the appeal in No. 82–2371.

We note that although counsel readily conceded mootness at oral argument, it made no effort to dismiss its appeal in No. 82–2371 prior to oral argument pursuant to Fed.R.App.P. 42(b). Although a party has no absolute right to a dismissal under rule 42(b), that does not excuse a party's failure to seek a dismissal when the parties agree that the case is moot.

## I

NCR and appellee Matterhorn, Inc., entered into a contract in June 1978 for NCR to sell and Matterhorn to buy certain computer equipment. That contract contained a clause providing for arbitration of disputes.[2] Delivery of the equipment was delayed. In January 1980, Matterhorn informed NCR that it wished to change the financing of the contract. On January 18, 1980, Matterhorn submitted a new purchase order for the equipment. The parties disagree as to whether the terms of the June 1978 contract were incorporated by reference into the January 1980 purchase order.

On March 1, 1982, Matterhorn filed a complaint in district court to commence this action. On May 20, 1982, NCR filed a motion for stay of action pending arbitration. The district court denied the motion and NCR appealed. That appeal is No. 82–2371.

Proceedings in the district court were not stayed pending the appeal. Matterhorn filed an amended complaint. NCR filed a second motion to stay proceedings pending arbitration and to compel arbitration. An evidentiary hearing was held on the motion. In its Memorandum and Order of May 31, 1983, the district court denied the motion. It found that there was an issue as to the existence of a valid contract containing an agreement to arbitrate. The court ruled that therefore, it had to conduct a trial on the making of the arbitration agreement. NCR appeals. The crux of NCR's argument is that the district court lacked jurisdiction under the USAA to determine the existence of an arbitration agreement.[3]

## II

NCR has not argued that the district court's order is a final order and thus appealable under 28 U.S.C. § 1291 (1976). Instead, it argues that the order is appealable under 28 U.S.C. § 1292(a)(1) (1976), allowing appeals from certain interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions...." To be appealable under section 1292(a)(1), an order either must both have the effect of an injunction and have "serious, perhaps irreparable" consequences, or fit within the *Enelow-Ettelson* doctrine.[4] *Ohio-Sealy Mattress Manufacturing Co. v. Duncan*, 714 F.2d 740, 743 (7th Cir.1983) (quoting *Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1980)), *cert. denied,* —— U.S. ——, 104 S.Ct. 712, 79 L.Ed.2d 176 (1984). Which of these tests is to be applied to determine the appealability of an interlocutory order entered by the court pursuant to the USAA turns on whether the order is one granting or

2. The clause, paragraph 19 of a document titled "Universal Agreement" signed by NCR and Matterhorn, provides as follows:

19. Disputes—Any controversy or claim, including any claims of misrepresentation, arising out of or related to this Agreement and/or any contract hereafter entered into between NCR and Customer, or the breach thereof, or the furnishing of any equipment or service by NCR to Customer, shall be settled by arbitration. The arbitration shall be conducted by a single arbitrator under the then current rules of the American Arbitration Association, provided that the arbitrator shall be chosen from a panel of persons knowledgeable in business information and data processing systems. The decision and award of the arbitrator shall be final and binding and the award so rendered may be entered in any court having jurisdiction thereof. The arbitration shall be held and the award shall be deemed to be made in the city where the NCR district office procuring the order is located.

3. A district court has jurisdiction to determine whether an agreement to arbitrate exists when the claim of the invalidity of the agreement goes only to the arbitration agreement itself. Where the claim of invalidity goes to the entire contract containing the agreement to arbitrate, the court lacks jurisdiction. The issue is for an arbitrator to decide. *See Prima Paint Corp. v. Flood & Coughlin Manufacturing Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Wilson Wear, Inc. v. United Merchants & Manufacturers, Inc.*, 713 F.2d 324, 327–28 (7th Cir. 1983). We express no opinion as to whether the district court in this case had jurisdiction to determine whether an agreement to arbitrate exists.

4. The *Enelow-Ettelson* doctrine is named for the two cases that developed the rule, *Enelow v. New York Life Insurance Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935) and *Ettelson v. Metropolitan Life Insurance Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942).

refusing a stay under section 3,[5] or one compelling or refusing to compel arbitration under section 4.[6] NCR argues that the district court denied a stay and thus this case is governed by the rules governing appealability of section 3 orders.

An order denying a motion to stay under section 3 is appealable if it meets the standards of the *Enelow-Ettleson* doctrine. *Whyte v. THinc Consulting Group International,* 659 F.2d 817, 818–19 (7th Cir.1981). The doctrine makes certain orders granting or denying a stay of proceedings appealable under section 1292(a)(1). The doctrine applies where the action in which the order is entered is an action at law, and the stay is sought to allow the prior determination of an equitable defense. *Id.* at 819. The doctrine is based on the premise that a district court's order to stay proceedings is considered, for historical reasons, to be an injunction.[7]

▪ An order granting or denying a motion to compel arbitration under section 4 is appealable if it results in a dismissal of the action. *Whyte v. THinc Consulting Group International,* 659 F.2d at 818. An order denying a motion to compel arbitration pending a trial on the issue of the existence of an arbitration agreement is a nonappealable interlocutory order. *John Thompson Beacon Windows, Ltd. v. Ferro, Inc.,* 232 F.2d 366, 369 (D.C.Cir.1956); *see Aberle Hosiery Co. v. American Arbitration Ass'n,* 461 F.2d 1005, 1006 (3d Cir.1972); *Lummus Co. v. Commonwealth Oil Refining Co.,* 297 F.2d 80, 84–86 (2d Cir.1961). The cases rest on the proposition that a motion seeking to compel arbitration is not a request for an injunction, but for a "unique statutory remedy." *John Thompson Beacon Windows, Ltd. v. Ferro, Inc.,* 232 F.2d at 369. An order to compel arbitration is a unique statutory remedy because prior to the USAA, courts would not enforce arbitration agreements. *See Hayes v. Allstate Insurance Co.,* 722 F.2d 1332, 1339 (7th Cir.1983) (Posner, J., dissenting). Furthermore, the denial of a motion to compel arbitration pending a trial on the existence of an arbitration agreement does not have serious or irreparable consequences.[8] The order also is not appealable under the *Enelow-Ettelson* doctrine because the order does not stay or refuse to stay proceedings.

---

**5.** Section 3 of the USAA, 9 U.S.C. § 3 (1982), provides as follows:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

**6.** Section 4 of the USAA, 9 U.S.C. § 4 (1982), provides in pertinent part:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which save for such agreement, would have jurisdiction under Title 28 ... for an order directing that such arbitration proceed in the manner provided for in such agreement.... The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply

therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.... If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.... If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

**7.** *See Medtronic, Inc. v. Intermedics, Inc.,* 725 F.2d 440, 442 (7th Cir.1984); *Hayes v. Allstate Insurance Co.,* 722 F.2d 1332, 1337 (7th Cir. 1983) (Posner, J., dissenting).

**8.** *See Whyte v. THinc Consulting Group International,* 659 F.2d 817, 820 (7th Cir.1981) ("where the ultimate relief sought is something other than arbitration itself, an order determining whether the cause shall proceed initially by arbitration or by trial is not one that has irreparable consequence to the merits").

*Ohio-Sealy Mattress Manufacturing Co. v. Duncan,* 714 F.2d at 743. Under the *Enelow-Ettelson* doctrine, it is not the court's interlocutory order to the parties to take some action (here, arbitration) but rather the grant or denial of a stay while the parties take the action that is considered an injunction. *See Hayes v. Allstate Insurance Co.,* at 1340–1341 (Posner, J., dissenting). Thus, an order denying a motion to compel arbitration pending a trial on the existence of an arbitration agreement is not the refusal of an injunction and is not appealable under section 1292(a)(1). Finally, a denial of a motion to compel arbitration is similar to a denial of a motion for summary judgment. In both cases, the court orders a trial because of the presence of a material issue of fact. *See Par-Knit Mills v. Stockbridge Fabrics,* 636 F.2d 51, 54 n. 9 (3d Cir.1980). A denial of summary judgment is a nonappealable interlocutory order. *See* 6 Pt. 2 J. Moore & J. Wicker, Moore's Federal Practice ¶ 56.21[2] (1982).

█ In this case, the district court denied the motion to compel arbitration and to stay proceedings pending arbitration. The denial of the motion to compel pending a trial on the existence of an arbitration agreement clearly was pursuant to section 4. As such, it is a nonappealable interlocutory order.

Although the denial of a motion to stay proceedings is ordinarily pursuant to section 3 and thus appealable according to the *Enelow-Ettelson* doctrine, in this case the court was acting pursuant to section 4, not section 3. Section 3 governs orders where the district court determines whether to grant or to deny a stay while the court tries the allegedly arbitrable issues on the merits. Here, the stay was not denied pending a trial on the merits; it was denied pending a trial on the existence of an arbitration agreement. Thus, this order does not fall under section 3, and the rules governing the appealability of section 3 orders do not apply.

Section 4 provides that where the making of the arbitration agreement is in issue, the court "shall proceed summarily" to try the issue. It is logically impossible for a court to conduct a trial and simultaneously stay its own proceedings. The USAA commands the district court to try the making of the agreement first. The district court must, by necessity, deny a motion to stay while it conducts the trial. In denying NCR's motion to stay, that is all the district court did here. Section 4 allows the court to deny the motion to stay.[9] A denial of a stay because of an issue as to the existence of an arbitration agreement therefore is pursuant to section 4 and nonappealable. The denial of the stay in this case is similar to the denial of a plaintiff's motion for summary judgment in a suit for an injunction because of a disputed issue of fact. Such a denial is a nonappealable interlocutory order. *Switzerland Cheese Ass'n v. E. Horne's Market, Inc.,* 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966). In *Switzerland Cheese,* the Court reasoned that such a denial does not touch on the merits of the claim but only relates to pretrial procedures and thus is not interlocutory within the meaning of section 1292(a)(1). *Id.*

Furthermore, as a practical matter, it is clear that the order here should not be appealable. Section 4 provides that if the jury finds that an agreement for arbitration was made, the court shall summarily direct the parties to proceed with arbitration. In that event, NCR will have received what it seeks—an order to compel arbitration. *See John Thompson Beacon Windows, Inc. v. Ferro,* 232 F.2d at 368. As this court has stated, albeit in the context of the final judgment rule of section 1291, "[a]n order is therefore ripe for appeal as soon as it is apparent that subsequent rulings of the trial court are not going to moot the issues that appellant would like to present...." *University Life Insurance Co. of America v. Unimarc Ltd.,* 699 F.2d 846, 849 (7th Cir.

9. Section 4 does not expressly permit the district court to deny a motion for a stay. However, sections 3 and 4 must be construed together. *See Prima Paint Corp. v. Flood & Coughlin Manufacturing Co.,* 388 U.S. 395, 404, 87 S.Ct. 1801, 1806, 18 L.Ed.2d 1270 (1967).

1983). Here, the jury's decision may well moot NCR's appeal.

NCR relies on this court's decision in *C. Itoh & Co. v. Jordan International Co.,* 552 F.2d 1228, 1230 n. 2 (7th Cir.1977), where the court stated that whether an agreement to arbitrate existed was relevant to whether the district court properly denies a stay pending arbitration but not to whether the denial is appealable. In *Itoh,* the district court never made a determination as to whether an arbitration agreement existed. The stay was not denied pending a trial on the existence of an agreement; the stay was denied pending a trial on the merits of the allegedly arbitrable issues. Thus, *Itoh* is clearly distinguishable.

Finally, we note the strong federal policy against permitting piecemeal appeals. The general rule is that a party can appeal only a final judgment. 28 U.S.C. § 1291 (1976). Section 1292(a)(1) and the *Enelow-Ettelson* doctrine are exceptions to the rule, but these exceptions are limited and must be strictly construed. *Whyte v. THinc Consulting Group International,* 659 F.2d at 819. This is particularly true in arbitration cases. The purpose of the USAA is to establish a speedy and efficient method of resolving controversies with a minimum of judicial interference. Permitting appeals from every order entered by the district court allows arbitration cases to become "monuments to delay because of the litigation and appeals antecedent to the actual arbitration." *Standard Chlorine of Delaware, Inc. v. Leonard,* 384 F.2d 304, 305 (2d Cir.1967), *quoted in Ohio-Sealy Mattress Manufacturing Co. v. Duncan,* 714 F.2d at 744.

Appeal dismissed.