**ROHRER, HIBLER & REPLOGLE, INC.,**
**a Delaware corporation,**
**Plaintiff-Appellant,**

v.

**Dr. Robert D. PERKINS,**
**Defendant-Appellee.**

**No. 83–2568.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 1, 1984.*

Decided Feb. 16, 1984.

---

*'After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Robert J. Lepri, McDermott, Will & Emery, Chicago, Ill., for plaintiff-appellant.

Stephen C. Schulte, Winston & Strawn, Chicago, Ill., J.D. Humphries, Varner, Stephens, Wingfield, McIntyre Humphries, Atlanta, Ga., for defendant-appellee.

Before PELL, WOOD and CUDAHY, Circuit Judges.

## PER CURIAM.

This case arises out of an employment contract between Dr. Perkins and his former employer, Rohrer, Hibler & Replogle, Inc. ("RHR"). Dr. Perkins filed suit in a federal court in Georgia, seeking a declaratory judgment that the restrictive covenants in his contract are void and unenforceable. RHR then filed the instant suit in the Circuit Court of Cook County, Illinois, requesting injunctive relief against Dr. Perkins. RHR brought suit in Cook County pursuant to a forum selection clause in the contract, which provides:

> This agreement is to be enforced and interpreted in accordance with the laws of the State of Illinois. Employee agrees that the Circuit Court of Cook County, Illinois shall have jurisdiction to enforce any of the terms of this Agreement and/or to resolve any dispute which arises under this agreement and employee hereby consents to and submits to the jurisdiction of the Circuit Court of Cook County over his person for the purposes of enforcing any terms of this agreement or resolving any disputes which arise under this agreement.

After the Circuit Court issued a temporary injunction, Dr. Perkins removed the case to federal court. RHR filed a motion to remand the case to state court which was denied by the judge below, reconsidered, and denied again. RHR appealed to this court.

The first issue we must consider is whether we have jurisdiction to decide an appeal of an order denying a motion to remand to a state court. RHR contends that jurisdiction over this appeal is conferred by 28 U.S.C. §§ 1291, 1292(a)(1) and 1651.

This court's jurisdiction under § 1291 normally "depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), *quoting Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). An order denying a motion to remand a case to state court cannot, by any stretch of the imagination, be considered "final" within the meaning of § 1291. *Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 578, 74 S.Ct. 290, 293, 98 L.Ed. 317 (1954) ("Obviously, such an order is not final and appealable if standing alone."); *Ex parte Hoard,* 105 U.S. 578, 15 Otto 578, 26 L.Ed. 1176 (1881); *Polyplastics, Inc. v. Transconex, Inc.,* 713 F.2d 875, 877 n.

2 (1st Cir.1983); *Melancon v. Texaco, Inc.,* 659 F.2d 551, 552 (5th Cir.1981); *Three J Farms, Inc. v. Alton Box Board Co.,* 609 F.2d 112, 114 (4th Cir.1979), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980); *Aberle Hosiery Co. v. American Arbitration Ass'n,* 461 F.2d 1005, 1006 (3rd Cir.1972); *Wilkins v. American Export-Isbrandtsen Lines, Inc.,* 401 F.2d 151 (2d Cir. 1968); 1A J. Moore, B. Ringle & J. Wicker, Moore's Federal Practice ¶ 0.169[2.–3], at 706 (1983); 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3914, at 548 (1976).

■ An order may, however, be appealable under § 1291 if it falls within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). To come within the collateral order doctrine enunciated in *Cohen,* "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable from a final judgment." *Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 2458. All three conditions must be satisfied for the order to be appealable. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981).

We need not discuss the first two conditions here because RHR has failed to satisfy the third. We begin with the proposition that the collateral order doctrine, like all exceptions to the finality requirement of § 1291, should be construed narrowly. *Matterhorn, Inc. v. NCR Corp.,* 727 F. 2d 629, 633 (7th Cir. 1984); *Medtronic, Inc. v. Intermedics, Inc.,* 725 F.2d 440, 445 (7th Cir. 1984) (*Enelow-Ettelson* doctrine); *Shaffer v. Globe Protection, Inc.,* 721 F.2d 1121, 1124 (7th Cir.1983)

(§ 1292(a)(1)); *In re General Motors Corp. Engine Interchange Litigation,* 594 F.2d 1106, 1118 (7th Cir.), *cert. denied,* 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979) (collateral order doctrine).

■ The third *Coopers & Lybrand* condition requires that the appellant demonstrate that "denial of immediate review would render impossible any review whatsoever." *Firestone,* 449 U.S. at 376, 101 S.Ct. at 675, *quoting United States v. Ryan,* 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971). "Thus, for an order to be appealable under the *Cohen* doctrine its consequences for the appellant must be irreversible by subsequent proceedings." *In re UNR Industries, Inc.,* 725 F.2d 1111, 1118 (7th Cir. 1984). RHR has made no such showing in the case before us. The district court order denying the motion to remand will be reviewable on appeal from a final judgment. *Ex parte Hoard,* 105 U.S. at 579, 15 Otto at 579; *Melancon v. Texaco, Inc.,* 659 F.2d at 553; *Albright v. R.J. Reynolds Tobacco Co.,* 531 F.2d 132, 134 (3d Cir.), *cert. denied,* 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976); 1A Moore's Federal Practice ¶ 0.169[2.–3], at 706 (1983). *See also Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 211–12 (3d Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983) (Rosenn, J., concurring).

■ Although RHR will have to incur the cost of further litigation below before finding out whether the district court properly denied the motion to remand, this does not "diffe[r] in any significant way from the harm resulting from other interlocutory orders that may be erroneous, such as orders requiring discovery over a work-product objection or orders denying motions for recusal of the trial judge." *Firestone,* 449 U.S. at 378, 101 S.Ct. at 675, *quoting Armstrong v. McAlpin,* 625 F.2d 433, 438 (2d Cir.1980), *vacated,* 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981). The burden of additional litigation expenses does not make allegedly erroneous interlocutory rulings appealable. *Freeman v. Kohl & Vick Ma-*

*chine Works, Inc.,* 673 F.2d 196, 200 (7th Cir.1982); *Central States, Southeast and Southwest Areas Health and Welfare Fund v. Old Security Life Ins. Co.,* 600 F.2d 671, 677 (7th Cir.1979).

As alternative bases for our jurisdiction, RHR contends that the order is appealable under either § 1292(a)(1) or § 1651. By the latter statute, the All Writs Act, we assume that RHR is referring to mandamus. A writ of mandamus is an extraordinary remedy reserved for extreme situations. *J.H. Cohn & Co. v. American Appraisal Associates, Inc.,* 628 F.2d 994, 997 (7th Cir.1980); *Oswald v. McGarr,* 620 F.2d 1190, 1195 (7th Cir.1980). It does not serve as a substitute for appeal, *J.H. Cohn & Co.,* 628 F.2d at 997, and "will lie only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. Mere error is not sufficient to invoke the mandamus process; the petition must assert an action of the lower court by which it acted beyond its power." *Oswald v. McGarr,* 620 F.2d at 1195 (citations omitted). The party requesting mandamus relief has the heavy burden of showing that it has a clear and indisputable right to issuance of the writ. *Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 662, 98 S.Ct. 2552, 2557, 57 L.Ed.2d 504 (1978). As RHR has made no argument concerning the appropriateness of mandamus beyond merely citing the statute, we hold that it has not met this burden.

Section 1292(a)(1) gives courts of appeals jurisdiction of appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." Because the order appealed from here does not involve an injunction, we have jurisdiction under § 1292(a)(1) only if the order comes within the contours of the *Enelow-Ettelson* doctrine (named for the two cases that first announced it, *Enelow v. New York Life Ins. Co.,* 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935) and *Ettelson v. Metropolitan Life Ins. Co.,* 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942)). This rule classifies as an injunction, within the meaning of § 1292(a)(1), a stay issued in a suit at law for the purpose of allowing consideration of an equitable defense. *Matterhorn, Inc. v. NCR Corp.,* 727 F.2d at 631; *Medtronic, Inc. v. Intermedics, Inc.,* 725 F.2d at 442; *Hayes v. Allstate Ins. Co.,* 722 F.2d 1332, 1337 (7th Cir.1983) (Posner, J., dissenting). The *Enelow-Ettelson* doctrine has been much criticized, *see id.,* at 1337–38 (Posner, J., dissenting); *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d at 208–09 (Rosenn, J., concurring), and we are reluctant to extend it to a factual situation not approved previously by the Supreme Court, because of the important policy against piecemeal appeals. *Matterhorn, Inc. v. NCR Corp.,* 727 F.2d at 633; *Medtronic, Inc. v. Intermedics, Inc.,* 725 F.2d at 445; *Freeman v. Kohl & Vick Machine Works, Inc.,* 673 F.2d at 201; *Randle v. Victor Welding Supply Co.,* 664 F.2d 1064, 1065 (7th Cir.1981). The only case cited by RHR concerning *Enelow-Ettelson* is *Coastal Steel Corp.* and we think that the majority's application of the doctrine there is effectively rebutted by Judge Rosenn's able concurrence. 709 F.2d at 208–09. A denial of a motion to remand is not the equivalent of a stay and we will not extend the *Enelow-Ettelson* doctrine to so hold. Moreover, the case before us—in which RHR seeks injunctive relief, an accounting, and damages—would not, in all probability, have been a suit at law in 1891 and thus falls outside the boundaries of *Enelow-Ettelson. See Medtronic, Inc. v. Intermedics, Inc.* Consequently, we hold that we do not have jurisdiction of this appeal under § 1292(a)(1).

RHR's appeal rests almost solely on the hope that this court will follow the Third Circuit's decision in *Coastal Steel.* At issue in that case was a contract with a clause providing that any dispute arising out of the contract was to be determined by English courts in accordance with English law. The defendants' motion to dismiss an action brought in federal court in New Jersey,

based on this clause, was denied by the district court. The Third Circuit ruled that the denial of the motion to dismiss was appealable, on a variety of alternative grounds, and reversed. Judge Rosenn's concurrence, which reads like a dissent for the most part, persuasively rebuts the majority's alternative grounds for appellate jurisdiction and we need not repeat his reasoning here. *See* 709 F.2d at 207–12.[1]

Judge Rosenn concurred, however, because he found jurisdiction based on *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). In *Gillespie,* the Court ruled that courts of appeals may, in certain circumstances, review non-final orders within the " 'twilight zone' of finality," *id.* at 152, 85 S.Ct. at 311. The Court went on to say that "in deciding the question of finality the most important competing considerations are 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.' " *Id.* at 152–53, 85 S.Ct. at 311. Our discretion to review non-final orders under *Gillespie* should be used sparingly. *Coopers & Lybrand,* 437 U.S. at 477 n. 30, 98 S.Ct. at 2462 n. 30. RHR has not demonstrated that this case warrants the exercise of that discretion. Denial of a motion to remand to a state court presents a far less exigent set of circumstances than existed in *Coastal Steel,* where the issue was whether an American court was the appropriate forum for the litigation. *Cf. M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), and the Court's discussion of the importance of forum selection clauses in international commerce. In contrast to *Coastal Steel,* where the applicable law (English or American) would differ depending on the forum in which the case was tried, the controlling law in the instant case, in its present posture, will be the same whether it is tried in the Northern District of Illinois or the Circuit Court of Cook County. Although a conflict of laws question might arise if Judge Leighton transfers the action to the Northern District of Geor-

gia, where a related matter is pending, he has not yet done so and we will not speculate on his future rulings in this case.

The appeal is dismissed for lack of jurisdiction.

---

1. In addition, Judge Rosenn discussed the majority's application of 28 U.S.C. § 1293, a statute not at issue in the instant case. *See id.* at 204–07.