Gerald T. **FLYNN, et al.,**
**Plaintiffs-Appellants,**
**Cross-Appellees,**

v.

**Stephen M. MERRICK, Allen Buhler, et al., Defendants-Appellees, Cross-Appellants.**

**Nos. 85–2587, 85–2681.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 10, 1985.

Decided Oct. 31, 1985.

Gerald P. Boyle, P.C. and Roland J. Steinle, III, Milwaukee, Wis., for plaintiffs-appellants, cross-appellees.

Douglas J. Carroll, Arnold, Murray, O'Neill & Schimmel, Dennis J. Christensen, Albert, Jude & Van Remmen, S.C., Thomas R. Schrimpf, Kluwin, Dunphy & Hankin, Milwaukee, Wis., for defendants-appellees, cross-appellants.

Before BAUER, ESCHBACH and POSNER, Circuit Judges.

POSNER, Circuit Judge.

The plaintiffs, five individuals and a corporation, in 1982 brought suit in a federal district court against several corporations and individuals (some employed by the State of Wisconsin), alleging securities fraud in violation of various statutes and the due process clause of the Fourteenth Amendment. In August of this year, on motion of the defendants, the district judge dismissed the five individual plaintiffs from the case, and also dismissed the due process claims against all the defendants and the remaining plaintiff's RICO claims against some of the defendants. The district court did not certify its order for an immediate appeal under either Rule 54(b) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1292(b); nor did the plaintiffs ask for such certification. Instead they filed a notice of appeal, and when we asked them to show cause why the appeal should not be dismissed because the judge's order was an unappealable interlocutory order they responded by citing us *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), and *Nelson v. Heyne*, 491 F.2d 352 (7th Cir.1974).

In *Gillespie* the plaintiff, the mother of a seaman who had been killed in an accident while working for the defendant, brought suit on her own behalf and that of her son's brother and sister, seeking damages on theories of negligence and unseaworthiness. The district court dismissed all claims on behalf of the brother and sister, and the plaintiff's claim of unseaworthiness, leaving just her with a claim, and with just a negligence claim, and a limited

one at that, because the district court also dismissed so much of that claim as sought damages for her son's pain and suffering. She appealed the dismissal, and the court of appeals affirmed on the merits. She then sought and was granted certiorari by the Supreme Court. The Supreme Court held that the court of appeals had had appellate jurisdiction of the district court's order, even though there was no certification under Rule 54(b) or section 1292(b), see 379 U.S. at 152–54, 85 S.Ct. at 310–12, and went on to uphold the court of appeals' decision on the merits, except with regard to the striking of the plaintiff's claim for damages for pain and suffering. In *Nelson v. Heyne* we read *Gillespie* to hold that "formal certification by a district judge is not always required in a marginally final case," 491 F.2d at 354 n. 2, but the facts were completely different from those of *Gillespie* or the present case.

■ ■ It is apparent that *Gillespie* must be given a narrow interpretation if the structure of appellate review established by Congress is to be respected. What seems to have been the controlling consideration in the Supreme Court's mind, see 379 U.S. at 153, 85 S.Ct. at 311, is that the court of appeals had in fact assumed jurisdiction (though it would seem improperly) and decided the case on the merits, so that to hold that the court had had no jurisdiction would have undone its resolution of the merits of the appeal (with which the Supreme Court largely agreed, because it affirmed most of the court of appeals' decision), and would have delayed, perhaps by years, the conclusion of the litigation, with potentially great hardship to the claimants. These special circumstances (also stressed in *American Export Lines, Inc. v. Alvez*, 446 U.S. 274, 279, 100 S.Ct. 1673, 1676, 64 L.Ed.2d 284 (1980)) are not present in this case, which is a routine instance of a district judge's limiting the scope of the complaint by striking some of the parties and some of the claims. Such orders are made all the time and unless certified for an immediate appeal cannot be appealed till the conclusion of the proceedings in the district court. To make them automatically appealable—the position tak-

en by the plaintiffs here—would make extremely serious inroads into the final-judgment rule of 28 U.S.C. § 1291, the cornerstone in the edifice of federal judicial review.

As the Supreme Court said in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 477 n. 30, 98 S.Ct. 2454, 2462 n. 30, 57 L.Ed.2d 351 (1978), "If *Gillespie* were extended beyond the unique facts of that case, § 1291 would be stripped of all significance." The unique facts as we said were that the court of appeals had decided the merits and that vacating its decision for lack of jurisdiction would have imposed undue delay and hardship on the plaintiffs. Whether these facts would ever be present in a case in which we were asked to overlook a defect in our own appellate jurisdiction may be doubted; one of the things that made *Gillespie* unique was that two courts had addressed the merits before the Supreme Court was asked to vacate the second court's decision for want of jurisdiction. But whether we could ever use the principle of *Gillespie* to bypass the rules that limit our jurisdiction, we obviously cannot use it as a general authorization to entertain interlocutory appeals, see also *Rohrer, Hibler & Replogle, Inc. v. Perkins*, 728 F.2d 860, 864 (7th Cir.1984) (per curiam), as the plaintiffs ask us to do.

APPEAL DISMISSED.