779 F.2d 13
 121 L.R.R.M. (BNA) 2052, 54 USLW 2343,
103 Lab.Cas. P 11,728
 GRAPHIC COMMUNICATIONS UNION, CHICAGO PAPER HANDLERS' &
ELECTROTYPERS' LOCAL NO. 2, Plaintiffs-Appellees,
v.
CHICAGO TRIBUNE COMPANY and Chicago Newspaper Publishers'
Association, Defendants-Appellants.
 No. 85-2383.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Oct. 24, 1985.
Decided Dec. 9, 1985.
 
 Richard L. Marcus, Bruce J. Rasch, Reuben & Proctor, Chicago, Ill., for defendants-appellants.
 Edwin H. Benn, Asher, Pavalon, Gittler & Greenfield, Ltd., David W. Cohen, Chicago, Ill., for plaintiffs-appellees.
 Before CUDAHY, POSNER, and EASTERBROOK, Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 The defendants in this suit by a union to compel arbitration have asked us for a stay pending their appeal of the district court's judgment ordering arbitration. See Fed.R.App.P. 8(a). Not only has the request for a stay no merit but the whole class of requests that it illustrates has no merit, a point we wish to emphasize in order to discourage the making of such requests in the future.
 
 
 2
 This suit was brought almost a year ago. It charged that the Chicago Tribune Company had violated an arbitration clause in an expired collective bargaining agreement (to which the publishers' association, the other defendant, is also a signatory), by refusing to arbitrate a labor dispute arising from the company's decision to hire certain employees directly rather than through the union's hiring hall, which the company alleges engages in racial and sex discrimination. The suit was based on section 301 of the Taft-Hartley Act, 29 U.S.C. Sec. 185, which creates a federal remedy for breaches of collective bargaining contracts. The only relief sought by the union was an order to arbitrate; this the district judge granted, see 613 F.Supp. 873 (N.D. Ill. 1985); and since it was the terminating event of the lawsuit, it is an appealable final order even though in a sense it merely shifts the dispute to another forum, the arbitral tribunal. See University Life Ins. Co. v. Unimarc Ltd., 699 F.2d 846, 848 (7th Cir.1983). The defendants requested the district judge to stay the order pending appeal but this was refused.
 
 
 3
 Although it might seem odd that a company should have a duty to arbitrate a dispute that arose after the contract containing the arbitration clause expired, there is precedent for imposing such a duty and in fact the district judge in denying the stay opined that the defendants had little likelihood of prevailing on their appeal from her order that they arbitrate the dispute. Having no desire to prejudice the appeal by premature comment we shall say nothing about our view of the likelihood of the appeal's succeeding. It is unnecessary for us to do so. Being likely to prevail is a necessary but not sufficient condition for obtaining a stay (or other injunctive relief) pending appeal; another necessary condition is that the appellant will suffer irreparable harm if the stay is denied. Adams v. Walker, 488 F.2d 1064 (7th Cir.1973). That condition is not satisfied in this case.
 
 
 4
 The defendants make two arguments for why they will suffer irreparable harm if the stay is denied. First they say they will incur a substantial expense in time and money, and second and inconsistently they say that if they win the arbitration the appeal may become moot. But if the defendants win the arbitration the time and money they will have spent on it may not have been wasted; they might have had to spend the same time and money (or very possibly more of both) to litigate the underlying dispute with the union in some other forum. In any event the fact that an order to arbitrate imposes a cost, the cost of the arbitration, whether it is an opportunity cost of time or an out-of-pocket expense for lawyers or witness fees or whatever, or both types of costs, does not show irreparable harm. Otherwise every order to arbitrate would be deemed to create irreparable harm, and it would be easy to get such orders stayed. That however would fly in the face of the strong federal policy in favor of arbitrating disputes in general and labor disputes in particular. See, e.g., United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960). Arbitration is supposed to be swift. It will not be swift if orders to arbitrate are routinely stayed pending appeals from those orders. Then the typical arbitration will proceed as follows: the union demands arbitration; the employer refuses; the union sues to compel arbitration; the employer resists the suit; the district court orders arbitration; the employer appeals; the order is stayed pending appeal; the court of appeals affirms; at last, years after the dispute arose, the arbitration can begin. This pattern would make a mockery of arbitration as a swift and effective remedy in labor disputes.
 
 
 5
 The defendants have not made a case for a stay of arbitration. What is more, we find it very difficult to imagine how such a case could be made. The only harm that an order to arbitrate does is to make the party against whom the order is issued litigate a dispute in a forum not of his choosing. That is no different from the harm of being turned down on a motion to dismiss or for summary judgment, thereby being forced to try a case that one does not believe should be tried, or from the harm of being transferred to another district court or remanded to a state court; and in none of these cases is the disappointed party allowed to take an immediate appeal; with exceptions not material to this case, these are deemed neither final orders nor injunctions. See, e.g., Freeman United Coal Mining Co. v. Director, Office of Workers' Compensation Programs, 721 F.2d 629 (7th Cir.1983); Silver v. Secretary of the Army, 554 F.2d 664, 665 (5th Cir.1977) (per curiam); In re Dalton, 733 F.2d 710, 714-15 (10th Cir.1984); 28 U.S.C. Sec. 1447(d). Indeed it is rather a fluke in the law that allows an order to arbitrate to be appealed before the arbitration is completed--and such an appeal is allowed only if the order to arbitrate ends the proceeding in the district court. If the proceeding remains pending, the order to arbitrate is not appealable, even though its effect may be to suspend all proceedings in the district court while the parties (one unwillingly) submit to arbitration. Whyte v. THinc Consulting Group Int'l, 659 F.2d 817, 818 (7th Cir.1981).
 
 
 6
 We are not gifted with prevision, and therefore we decline to say that a party ordered to arbitrate can never show irreparable harm such as might support a request that the order be stayed pending appeal. But we are confident that such cases will be extraordinarily rare, that this case is not one, that employers who seek stays merely on the ground that the arbitration may turn out to be a wasted expense of time and money are whistling in the dark, and that we will not hesitate to mete out sanctions in future cases to persons who make applications for stays of arbitration in circumstances such as disclosed by the record of this case. We are concerned that some companies may be trying to reduce the credibility of unions by dragging out the grievance process in collective bargaining agreements by means of pertinacious challenges to orders to arbitrate, a tactic we do not wish to encourage. See Ethyl Corp. v. United Steelworkers, 768 F.2d 180, 188 (7th Cir.1985); Miller Brewing Co. v. Brewery Workers Local Union No. 9, 739 F.2d 1159, 1168 (7th Cir.1984). We shall not impose sanctions in this case; but let this opinion be a warning.
 
 
 7
 STAY DENIED.