Alvin JORDAN et al.,
Plaintiffs-Appellees,

v.

Michael S. WOLKE, Individually and as Sheriff of Milwaukee County, et al.,
Defendants-Appellants.

No. 78–1341.

United States Court of Appeals,
Seventh Circuit.

Argued June 13, 1978.

Decided Aug. 22, 1978.*

---

* This appeal was originally decided by an unreported order on August 22, 1978. *See* Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

Gerald G. Pagel, Milwaukee County Corp. Counsel, Milwaukee, Wis., for defendants-appellants.

George Raymond Edgar, Legal Action of Wisconsin, Inc., Milwaukee, Wis., for plaintiffs-appellees.

Before TONE and WOOD, Circuit Judges, and CAMPBELL, Senior District Judge.**

PER CURIAM.

This is an appeal by the defendants in a class action seeking declaratory and injunctive relief on behalf of pretrial detainees in the Milwaukee County Jail. The complaint alleged that certain jail conditions violated the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. After reference to a master, the trial judge entered an order following in general the master's recommendations and granted a preliminary injunction mandating that the jail authorities make certain changes. The defendants question on appeal only the following provision of the order:

(3) The defendants shall prepare and implement a program of contact visitation for pretrial detainees. Facilities for contact visitation must be constructed so as reasonably to meet the needs of pretrial detainees confined at the jail. These facilities shall, at a minimum, permit pretrial detainees to visit with four visitors at the same time while seated or standing (at the option of the pretrial detainees and their visitors) without separation by a wall or partition. The facilities shall be arranged so to provide pretrial detainees and their visitors a reasonable degree of vocal but not visual privacy.

Relying on *Duran v. Elrod*, 542 F.2d 998 (7th Cir. 1976), the defendants attack this provision claiming that the requirements levied upon them constitute an abuse of discretion by the trial court because the record does not contain support for the view that the contact visitation requirements can be implemented without endangering institutional security or without requiring an unreasonable expenditure of funds. It should be noted that the prison authorities were already in the process of improving the jail and have since adopted expanded visitation policies.

A trial court's grant of a preliminary injunction to maintain the status quo may be overturned upon a showing of clear abuse of discretion. *Banks v. Trainor*, 525 F.2d 837 (7th Cir. 1975), *cert. denied*, 424 U.S. 978, 96 S.Ct. 1484, 47 L.Ed.2d 748 (1976). The preliminary injunction under review, however, does not maintain the status quo, but in effect mandates the allowance of the relief sought. In addition, the new program for contact visitation necessitates the construction of new facilities. We

** The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, sitting by designation.

find no fault with the court's good intentions, but we fail to find in the record the necessary definitive support to justify the granting of this preliminary mandatory relief. While ordinarily the function of a preliminary injunction is to preserve the status quo pending final determination of the merits after a full hearing, we recognize that there may be situations justifying a mandatory temporary injunction compelling the defendant to take affirmative action. However, mandatory preliminary writs are ordinarily cautiously viewed and sparingly issued.[1] A prime concern in this case is also with the costs which are directly related to the issue of security.

■ We have recognized in this circuit the unique status of pretrial detainees. They have not been convicted of the alleged crime for which they are being held for trial. It is for the state to justify any condition of their confinement as reasonably related to ensuring their presence at trial lest detainees be deprived of their liberty without due process in contravention of the Fourteenth Amendment. *Duran v. Elrod, supra. See also Smith v. Shimp*, 562 F.2d 423 (7th Cir. 1977). Other circuits generally share this view. *Miller v. Carson*, 563 F.2d 741 (5th Cir. 1977); *Rhem v. Malcolm*, 507 F.2d 333 (2d Cir. 1974).

■ *Duran* made it clear that there was no absolute constitutional requirement for unlimited communication between pretrial detainees and others in that the state's interest in security must also be taken into consideration. The trial judge in the present case also recognized, as do we, that not all pretrial detainees need necessarily be treated to the same liberalized visitation rights if it can be shown in a particular instance that security would be jeopardized. The standard, however, is not one of mere convenience to the institution. 563 F.2d at 741, n. 9.

Contact visitation is not a unique concept. 563 F.2d at 337. The record shows that contact visitation rights have been extended to convicted prisoners at the Waupun State Prison in Wisconsin, but not to pretrial detainees at the Milwaukee County Jail. The record demonstrates that it is possible to provide contact visits without jeopardizing security if additional measures of precaution are taken, but that implementation of these measures would entail increased costs. The trial judge concluded that compliance with the preliminary injunction would be possible without "jeopardy to institutional security or a necessity for inordinate expenditures." However, compliance with the order will involve structural modifications in the prison itself and the need for increased personnel. In his report to the trial court the master, after considering some generalized evidence on costs, conceded that the actual costs "may well be unknown." The lack of certainty with regard to costs may be due in large part to the fact that no particular plan was submitted for consideration. The defendants were granted a large measure of discretion as to how to comply with the court's order, but that does not make up for the lack of basic information necessary for the reasoned and informed exercise of discretion by the trial judge when the proposed order was under consideration. What the defendants might do in an effort to comply with the preliminary injunction may turn out to be either inadequate or unreasonably costly. In *Duran*, 542 F.2d at 1000–1001, we noted that the burden of proof as to the matters of "unreasonable expenditures" and "allocation of scarce financial resources" was on the plaintiffs. Plaintiffs in the present case argue that cost considerations should not be relevant in constitutional issues but that in any event they have met their burden. *Miller v. Carson*, 563 F.2d at 748; *Rhem v. Malcolm*, 527 F.2d 1041, 1043–1044 (2d Cir. 1975); *Detainees of Brooklyn House of Detention for Men v. Malcolm*, 520 F.2d 392 (2d Cir. 1975).

■ We need not consider the cost issue so broadly, for under consideration is a preliminary injunction issued before a full hearing on the merits requiring the defendants to expend an unknown sum of money

---

**1.** *See* 2 Moore's Federal Practice ¶ 65.04[1].

to comply in some way with the preliminary order. In other cases and in the cases cited by plaintiffs, the courts have recognized a distinction in similar situations. The courts may not order a state public body to appropriate monies for prison reform. The authorities are given two options, to operate the jail constitutionally or not at all. *Miller v. Carson*, 563 F.2d at 747–48; *Gates v. Collier*, 501 F.2d 1291, 1320 (5th Cir. 1974). We do not mean to suggest, however, that the only remedy in this case is to close the jail. The jail conditions are not so aggravated or extreme as the situations appearing in other cases, and improvements are currently under way. The plaintiffs made some generalized proof of costs, although not enough to sustain the reasonableness of the temporary order. A proposed particular plan would not only serve as a basis for more reliable cost estimates but would also permit the plan's evaluation as an adequate remedy for the constitutional ills perceived to exist by the trial court. The defendants by letter to the trial judge subsequent to the entry of the order advised the court that the County Board had been requested to prepare an architectural plan to comply with the court's order. Upon remand, we anticipate that the parties can be better prepared and informed so as to permit more realistic and practical consideration of the problem and its possible solution.

We believe that under the circumstances in this case the grant of the mandatory injunction was an abuse of discretion. We commend to the court for its consideration the possibility of a consolidation of the hearing on the application for a preliminary injunction with the trial of the action on the merits as authorized by Rule 65(a)(2) of the Federal Rules of Civil Procedure.

Reversed and remanded for further proceedings not inconsistent with this order.