**OHIO–SEALY MATTRESS MANUFAC-TURING CO., et al., Plaintiffs,**

**v.**

**Louis C. DUNCAN, et al., Defendants.**

**No. 79 C 2741.**

United States District Court,
N. D. Illinois, E. D.

Sept. 15, 1982.

See also, D.C., 95 F.R.D. 99.

Frederic F. Brace, Jr., William H. Tobin, Sidley & Austin, Chicago, Ill., for plaintiffs.

Howard Koven, Phil C. Neal, Friedman & Koven, John H. Matheson, Hedlund, Hunter & Lynch, Max Wildman, Wildman, Harrold, Allen & Dixon, Henry S. Kaplan, Dressler, Goldsmith, Shore, Sutker & Milnamow, Robert H. Joyce, Seyfarth, Shaw, Fairweather & Geraldson, Samuel Weisbard, McDermott, Will & Emery, Edward I. Rothschild, Rothschild, Barry & Myers, Richard K. Wray, Arnstein, Gluck, Weitzen-

feld & Minow, Eli E. Fink, Fink, Coff & Stern, Albert D. Jenner, Jr., Jenner & Block, Michael W. Coffield, Gregory A. Friedman, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., Fred B. Miller, Portland, Or., Louis B. Garippo, Thomas J. Campbell, Winston & Strawn, James E. Hastings, Chadwell, Kayser, Ruggles, McGee & Hastings, Stanley B. Block, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This matter is presently before the Court on the motion of plaintiff Ohio-Sealy Mattress Manufacturing Company ("Ohio-Sealy") for a preliminary injunction that would: (1) mandate that defendant Sealy, Inc. ("Sealy") allow Ohio-Sealy to manufacture Sealy-label mattresses at Ohio-Sealy's San Diego plant, (2) compel Sealy to arbitrate certain controversies that have arisen under its license agreement with Ohio-Sealy concerning a licensee's manufacture of Sealy bedding outside its area of primary responsibility, and (3) restrain Sealy from "controlling" Sealy Mattress Company of the Northwest (formerly Sealy Mattress Company of Oregon) allegedly in violation of the hold separate order previously entered in this case. *See Ohio-Sealy Mattress Manufacturing Co. v. Duncan,* 486 F.Supp. 1047 (N.D.Ill.1980). For the reasons set forth below, Ohio-Sealy's motion for an order which, effectively, would grant it a license to manufacture Sealy-label mattresses in San Diego will be denied as will its request to compel arbitration of the related contractual issues. The Court will, however, refer the matter of Sealy's compliance with the hold separate order to a special master to be appointed by the Court or, in the alternative, to Magistrate Sussman for a hearing and a report and recommendation on the merits.

### The San Diego Matter

For the past two years, Ohio-Sealy has been attempting to manufacture Sealy mattresses in San Diego, and its contention that

Sealy has unlawfully prevented it from effectively competing on the West Coast by denying its request to manufacture Sealy bedding in San Diego forms a large part of this antitrust action. In fact, in November, 1980, Ohio-Sealy initially sought a preliminary injunction restraining Sealy from terminating Ohio-Sealy's license, as Sealy had threatened to do, if Ohio made good on its threat to manufacture Sealy-label mattresses in San Diego. That motion was taken under advisement during the succeeding months in which most matters in this case were held in abeyance while the parties and the Court devoted their full attentions to the earlier filed 1976 action also pending on our calendar. The renewed sense of urgency with respect to the San Diego matter apparently arises from Sealy's recent filing of a lawsuit in the United States District Court for the Central District of California charging several retailers and a retail sales representative with trademark infringement and unfair competition as a result of their sales of products manufactured by Ohio-Sealy, presumably at its San Diego plant, that are alleged to infringe on the Sealy mark.

■ It is within the discretion of the Court to grant a motion for preliminary injunctive relief when the moving party satisfies its burden of persuasion as to each of the following prerequisites: (1) the existence of an inadequate remedy at law and irreparable injury should an injunction not issue; (2) the threat of harm to the movant which outweighs the harm to the opposing party that would result from an injunction; (3) at least a reasonable likelihood that the moving party will prevail on the merits; and (4) the public interest will not be disserved by the granting of the requested relief. *Ohio-Sealy Mattress Manufacturing Company v. Duncan,* 486 F.Supp. 1047, 1052 (N.D.Ill.1980). In the context of the instant case, the Court concludes that Ohio-Sealy has not shown that it would be irreparably injured in the absence of injunctive relief permitting it to manufacture Sealy-label bedding in San Diego nor that the balance of hardships weigh in its favor should an

injunction not issue at this stage of the proceedings.

In sharp contrast to the usual situation in which preliminary injunctive relief is commonly sought, Ohio-Sealy does not seek to freeze the status quo in San Diego pending adjudication of its claims on the merits. Rather, it seeks a mandatory order that would displace the current state of affairs and place it in the position it would occupy should it ultimately prevail on the merits of its antitrust and contract claims. As the Seventh Circuit has stated, while there may be situations that justify the issuance of a mandatory injunction compelling a defendant to take affirmative action, "[m]andatory preliminary writs are ordinarily cautiously viewed and sparingly issued." *Jordan v. Wolke,* 593 F.2d 772, 774 (7th Cir. 1978). Thus, mandatory preliminary injunctions have been held to be improper where the purpose of the relief sought was to effect the very change in the parties' relationship that was the objective of the lawsuit itself, *i.e.,* to "place one party in a new position which it is seeking to make permanent through the litigation." *Barbys Frosted Foods, Inc. v. McDonald's Corporation,* 1973–2 Trade Cases (CCH) ¶ 74,622 at 94,-745 (D.N.J.1973). *See also SCM Corporation v. Xerox Corporation,* 507 F.2d 358, 361 (2d Cir. 1974); *Warner Brothers Pictures, Inc. v. Gittone,* 110 F.2d 292, 293 (3d Cir. 1940); *Royal Crown Bottling Co. v. Royal Crown Cola Co.,* 358 F.Supp. 290, 294 and 297 (D.Colo.1973).

Moreover, the potential availability of treble damages in an antitrust case such as the one at bar has often been cited as an important factor weighing against a finding of irreparable injury and the inadequacy of legal remedies in the context of a motion for a preliminary injunction, particularly where the plaintiff has not shown an inability to finance the litigation should an injunction not issue. *Rittmiller v. Blex Oil, Inc.,* 624 F.2d 857, 861 (8th Cir. 1980); *Jack Kahn Music Co., Inc. v. Baldwin Piano & Organ Company,* 604 F.2d 755, 759 and 763 (2d Cir. 1979); *Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.,* 545 F.2d 1096 (7th Cir. 1976); *Milsen Company v. Southland Corporation,* 454 F.2d 363 (7th Cir. 1971). As amply reflected by the lengthy record in this and other cases to which Ohio-Sealy is a party pending in this Court and before the Seventh Circuit, the absence of injunctive relief at this stage of the proceedings will not materially hamper Ohio-Sealy's ability to continue this litigation.

Finally, although Ohio-Sealy contends that it would suffer irreparable injury by the loss of good will and customers, present and future, without the immediate grant of a preliminary injunction, it actually would seem to be Sealy and its subsidiaries, not Ohio-Sealy, that would suffer such injury if an injunction issued at this time. Ohio-Sealy is already selling some products in the San Diego/Southern California areas, albeit not as efficiently as it might if it had the capacity to manufacture Sealy bedding in San Diego, and its good will and existing customers would not seem to be affected in any negative way by our denial of injunctive relief. By contrast, Sealy and its Southern California subsidiaries would be adversely affected by the grant of the injunctive relief sought by Ohio-Sealy.

Accordingly, Ohio-Sealy's motion for a preliminary injunction requiring that Sealy allow it to manufacture Sealy-label mattresses in San Diego is denied. It is so ordered.

### Arbitration of Issues Set Forth in Ohio-Sealy's Second Motion to Compel Arbitration

On October 21, 1980, Magistrate John W. Cooley, who was previously assigned to this case, issued his report and recommendation on Ohio-Sealy's second motion to compel arbitration of certain issues regarding its desire to manufacture Sealy mattresses outside its areas of primary responsibility. Magistrate Cooley recommended that arbitration of such issues be denied because the contractual disputes raised by Ohio-Sealy were inextricably intertwined with its non-arbitrable antitrust claims and because arbitration at this stage would only serve to

further entangle this drawn-out litigation "possibly to the degree of Gordian complexity." Magistrate's Report and Recommendation at 7 (October 21, 1980). Ohio-Sealy's objections to the Magistrate's report and recommendation were filed in a timely manner and taken under advisement by this Court. That aspect of the pending motion for a preliminary injunction that seeks an order compelling arbitration is properly viewed as a request for ruling on Ohio-Sealy's previously filed objections.

■ The Court has reviewed the Magistrate's report and recommendation on the arbitration issue as well as Ohio-Sealy's position in favor of arbitration and developments in this case since the Magistrate issued his report and recommendation. In our view, the Magistrate's rationale for denying Ohio-Sealy's motion to compel arbitration was correct at the time he issued his report and recommendation and remains correct at this stage in the proceedings for the reasons set forth therein. The antitrust issues raised by Ohio-Sealy with respect to the San Diego matter, which are the subject of a pending motion for summary judgment, so permeate discussion of the contractual issues as to render arbitration inappropriate at this juncture. *Applied Digital Technology, Inc. v. Continental Casualty Co.*, 576 F.2d 116 (7th Cir. 1978). Moreover, arbitration on these issues at this late date would unnecessarily complicate an already complex case and divert the parties' attentions from more pressing matters in this and the earlier-filed 1976 case.

Accordingly, the Court adopts in full the Magistrate's report and recommendation on Ohio-Sealy's second motion to compel arbitration (dated October 21, 1980). The motion to compel is denied. It is so ordered.

### Sealy's Compliance with the Hold Separate Order

That portion of Ohio-Sealy's motion for a preliminary injunction which seeks an order "preventing Sealy, Inc. from exercising control over Sealy of the Northwest" and Ohio-Sealy's previously filed motion for a rule to show cause why Sealy should not be held in contempt of the hold separate order raise some questions with respect to Sealy's compliance with the hold separate order previously entered in this matter, *Ohio-Sealy Mattress Manufacturing Co. v. Duncan, supra*, 486 F.Supp. at 1061, particularly with respect to whether that order prohibits Sealy from exercising "control" over its former Portland licensee and whether Sealy is in fact exercising such control. Ohio-Sealy also urges that the Court "re-evaluate" whether the hold separate order still remains a "realistic option" designed, in part, to prevent any irreparable injury to its interests. In the Court's view, an evidentiary hearing is necessary to fully develop the facts and the parties' positions in this regard.

■ Accordingly, this matter will be referred to a special master to be appointed by the Court with approval by the parties for a hearing and a report and recommendation on the merits with respect to Ohio-Sealy's concerns over Sealy's compliance with the hold separate order and its contention that the order may no longer be a "realistic option" by which its interests may be protected. In the event that the naming of a special master for this specific purpose cannot be agreed upon by the parties, Magistrate Sussman will be designated to conduct this hearing. Counsel for Ohio-Sealy and Sealy shall advise the Court as to their views on the foregoing within seven days in order that a hearing officer may be designated as soon as possible and in order that said hearing officer may schedule a prompt hearing on this matter. It is so ordered.