**OHIO–SEALY MATTRESS MANUFACTURING CO., et al., Plaintiffs-Appellants,**

v.

**Louis C. DUNCAN, et al., Defendants-Appellees.**

No. 82–2681.

United States Court of Appeals, Seventh Circuit.

Argued March 28, 1983.

Decided Aug. 11, 1983.

Certiorari Denied Jan. 9, 1984. See 104 S.Ct. 712.

Frederic F. Brace, Jr., P.C., Brace & O'Donnell, Chicago, Ill., for plaintiffs-appellants.

Phil C. Neal, Friedman & Koven, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, BAUER and COFFEY, Circuit Judges.

BAUER, Circuit Judge.

The issue in this case is whether this court has jurisdiction to hear an appeal from an interlocutory order denying a motion to compel arbitration. We hold that it does not.

Ohio-Sealy Mattress Manufacturing Company (Ohio-Sealy) filed this action in 1979 against Sealy, Inc. alleging that Sealy's attempts to prevent Ohio-Sealy from expanding its West Coast business violated federal antitrust laws and the parties' license agreement. Ohio-Sealy then filed a motion to compel arbitration of the contractual claims. Two months later Ohio-Sealy renewed this motion. The matter was referred to a magistrate who recommended that the motion be denied. Shortly thereafter Ohio-Sealy moved for a preliminary injunction to restrain Sealy from terminating Ohio-Sealy's license if Ohio-Sealy manufactured Sealy-label bedding at its newly acquired San Diego plant. Ohio-Sealy's final motion on these issues, entitled Motion for Preliminary Injunction, requested that Sealy be: (1) required to allow Ohio-Sealy to manufacture Sealy mattresses at its San Diego plant; (2) restrained from controlling its subsidiary, Sealy Mattress Company of the Northwest; and (3) compelled to arbitrate. The district court, 548 F.Supp. 75, refused to compel arbitration or require Sealy to permit Ohio-Sealy to manufacture bedding in California. The matter concerning Sealy Mattress Company of the Northwest was referred to a magistrate for an evidentiary hearing.

Only the refusal to compel arbitration is challenged in this appeal. Sealy contends that this court has no jurisdiction over this appeal because the order denying Ohio-Sealy's motion to compel arbitration is not a final order under 28 U.S.C. § 1291, is not an interlocutory order within the meaning of 28 U.S.C. § 1292(a)(1), and was not certified for appeal under FED.R.CIV.P. 54(b).

In contrast, Ohio-Sealy asserts jurisdiction under several theories. First, Ohio-Sealy contends that the denial is a final order because it completely eliminates Ohio-Sealy's right to arbitration. It asserts that jurisdiction exists under 28 U.S.C. § 1291 because "if the district court's denial of arbitration is not reviewed now, it will never be reviewed." Appellants' reply br. at 10. In the alternative, Ohio-Sealy contends that the denial is ·appealable under 28 U.S.C. § 1292(a)(1) because it has the practical effect of denying an injunction. Ohio-Sealy also argues that jurisdiction exists under the *Enelow-Ettelson* rule [1] and the collateral order doctrine. Finally, Ohio-Sealy maintains that this court has jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a).

We first consider whether the order is final for purposes of 28 U.S.C. § 1291. Under section 1291 only final judgments may be appealed. A final judgment is one which ends the litigation on the merits, leaving nothing for the court to do but execute the judgment. *Dilly v. S.S. Kresge*, 606 F.2d 62 (4 Cir.1979). If an order is a provisional disposition of an issue, which does not result in the irretrievable loss of the litigant's rights, the order is not appealable under section 1291. *United States v. Mellon Bank N.A.*, 545 F.2d 869 (3 Cir.1976). Thus, although the final judgment rule has been construed liberally, and is subject to judicially-created as well as statutory exceptions, it is nevertheless the general rule in federal practice. 9 J. MOORE, B. WARD & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 110.-08[1] at 111–12 (2d ed. 1983).

■ The district court's denial of Ohio-Sealy's request to arbitrate does not meet the test of a final order. The pretrial denial does not mean that Ohio-Sealy necessarily will be denied arbitration. The district court's ruling is merely a discretionary rul-

---

**1.** This rule was first enunciated in *Enelow v. New York Life Insurance Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935), which was decided before the merger of law and equity. The *Enelow* holding that certain orders that grant or deny jury trial or determine the method or timing of trial are appealable interlocutory orders was extended in *Ettelson v. Metropolitan Life Insurance Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942), to situations arising after the federal rules of civil procedure completely merged law and equity.

ing that Ohio-Sealy is not likely to prevail on its claim of a right to arbitration. There is, however, nothing final in this ruling; the district court has the power to compel arbitration if, after an evidentiary hearing, it concludes that the initial denial was erroneous.

Moreover, even if the denial is deemed to be a final judgment of the arbitration issue, it is not appealable because it is only one of many claims alleged in the complaint. The final disposition of one claim in a multi-count complaint is not final within the meaning of section 1291 unless the district court certifies it for direct appeal under FED.R.CIV.P. 54(b). *University Life Insurance Company of America v. Unimarc Ltd.,* 699 F.2d 846 (7th Cir.1983). No such certification was granted here.

Next, we consider whether the denial of Ohio-Sealy's motion to compel arbitration qualifies as an appealable interlocutory order under 28 U.S.C. § 1292(a)(1). Ohio-Sealy combined its final motion to compel arbitration with other requests for injunctive relief. Simply casting a motion to compel arbitration in injunctive terms, however, is insufficient to bring the motion within the scope of section 1292(a)(1). *Gould v. Control Laser Corp.,* 650 F.2d 617, 621 n. 7 (5th Cir.1981). Moreover, even if the denial of Ohio-Sealy's motion has the same effect as the denial of an injunction, this fact, without more, does not render the order an appealable interlocutory order. The litigant also must establish that the interlocutory order is likely to have "serious, perhaps irreparable" consequences which can be "effectively challenged" only by immediate appeal. *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 997, 67 L.Ed.2d 59 (1980).

In general, orders related only to pretrial procedures are not appealable under 28 U.S.C. § 1292(a)(1). *Switzerland Ass'n v. E. Horne's Market, Inc.,* 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966); *Whyte v. THinc Consulting Group International,* 659 F.2d 817 (7th Cir.1981). The effect of the order in this case was merely

to determine in which forum the claims would be heard. Thus, because Ohio-Sealy has failed to establish that the denial is likely to have "serious, perhaps irreparable" consequences as required in *Carson v. American Brands, Inc.,* 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1980), this order is non-appealable at this stage in the litigation.

Under the *Enelow-Ettelson* exception, however, a ruling on the method or timing of trial may, under limited circumstances, be construed as an appealable order within the language of 28 U.S.C. § 1292(a)(1). The *Enelow-Ettelson* exception obtains if: (1) the challenged order is one staying or refusing to stay proceedings in the district court; (2) the action in which the order is made is, by its nature, an action at law; and (3) the stay was sought to permit the prior determination of some equitable defense. *Jackson Brewing Co. v. Clarke,* 303 F.2d 844, 845 (5th Cir.), *cert. denied,* 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962). *Accord Whyte v. THinc Consulting Group International,* 659 F.2d 817 (7th Cir.1981) quoting 9 J. MOORE, B. WARD & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 110.20[4.–1] (2d ed. 1981).

The *Enelow-Ettelson* exception does not apply because the order is not one staying or refusing to stay proceedings in the district court. Accordingly, this is not an appropriate case for invoking the *Enelow-Ettelson* exception. See *University Life Insurance Company of America v. Unimarc Ltd.,* 699 F.2d 846 (7th Cir.1983); *Whyte v. THinc Consulting Group International,* 659 F.2d 817 (7th Cir.1981).

Similarly, the collateral order doctrine has no application here. Under this doctrine, first enunciated in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) four requirements must be satisfied before the collateral order doctrine is triggered to render an interlocutory decision final for the purposes of appeal. The challenged order must: (1) present an important and unsettled question of law; (2) operate to pre-

**744**

clude effective review after final judgment of the entire action; (3) deal with a matter separate from the main cause of action; and, (4) involve great danger of injustice which outweighs the policy against piecemeal review. *First Wisconsin Mortgage Trust v. First Wisconsin Corp.,* 571 F.2d 390 (7th Cir.1978), *aff'd en banc* on this issue, 584 F.2d 201 (7th Cir.1978).

 None of these criteria has been satisfied; therefore, the collateral order doctrine does not confer this court with jurisdiction.

 We also reject Ohio-Sealy's argument that this court should exercise discretionary jurisdiction under the All Writs Act, 28 U.S.C. § 1651. Ohio-Sealy argues that it is necessary to invoke the All Writs Act to untangle a situation which has been unnecessarily complicated by the denial of arbitration. We cannot agree. The authority to override the congressional policy against piecemeal appeals should be exercised only in exceptional circumstances demanding drastic remedy. *Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). Mindful of the *Will* Court's admonition that "[c]ourts faced with petitions for the peremptory writs must be careful lest they suffer themselves to be misled by labels such as 'abuse of discretion' and 'want of power' into interlocutory review of non-appealable orders on the mere ground that they may be erroneous," *Will v. United States,* 389 U.S. at 98 n. 6, 88 S.Ct. at 275 n. 6, we do not believe this is an appropriate case in which to exercise discretionary jurisdiction.

Finally, while we agree with Ohio-Sealy that arbitration can benefit both the parties and the public by avoiding the enormous social costs of litigation, we also note that although

> [a]rbitration is often thought of as a quick and efficient method for determining controversies. . . . cases involving arbitration clauses sometimes are best remembered as monuments to delay because of the litigation and appeals antecedent to the actual arbitration.

*Standard Chlorine of Delaware, Inc. v. Leonard,* 384 F.2d 304, 305 (2d Cir.1967). We decline to add to the delay in this case by exercising discretionary authority to hear this appeal.

Accordingly, the appeal is dismissed for want of jurisdiction.

DISMISSED.