**Robert HAMMERMAN, Plaintiff and Counter-Defendant,**

v.

**Thomas A. PEACOCK, Defendant and Counterclaimant,**

v.

**SMITH BARNEY, HARRIS UPHAM & COMPANY, INC., Additional Defendant on Counterclaim.**

Civ. A. No. 84–2724.

United States District Court, District of Columbia.

Sept. 20, 1985.

Morris Kletzkin, Washington, D.C., for plaintiff and counter-defendant.

Robert L. Cope, Washington, D.C., for defendant and counterclaimant.

James H. Schropp, Washington, D.C., for additional defendant on counterclaim.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

By Memorandum Opinion and Order entered herein on July 31, 1985, this Court denied the motion of the counterdefendants, Robert Hammerman and Smith Barney, Harris Upham & Company, Inc., to compel arbitration of the federal securities law claims presented in the counterclaim of defendant-counterclaimant Thomas A. Peacock.[1] Thereafter, on August 26, 1985, the counterdefendants filed a notice of appeal from the aforesaid order denying their motion to compel arbitration and, on August 27, 1985, the counterdefendants filed with this Court what has been styled as a "request for clarification concerning counterdefendants' notice of appeal or, in the alternative, motion to stay proceedings" which is presently before the Court for determination.

In their "request for clarification", the counterdefendants contend that the Order of July 31, 1985, denying their motion to compel arbitration, is appealable under 28 U.S.C. § 1292(a)(1) and that the filing of the notice of appeal from that order divests this Court of jurisdiction and effectively stays all further proceedings in this action. Counterdefendants, therefore, request that the Court enter an order confirming that all further proceedings herein have been stayed. Alternatively, in the event that the Court does not agree with counterdefendants' contention respecting the effect of the filing of the aforesaid notice of appeal and concludes that it is not thereby divested of jurisdiction, the counterdefendants move to stay any and all further proceed-

ings in this action pending resolution of their appeal. A pretrial conference before the Magistrate has been set for October 11, 1985, and trial has been set for October 21, 1985.

The defendant and counterclaimant, Thomas A. Peacock, has filed a "motion to ignore counterdefendants' notice of appeal" and an opposition to the counterdefendants' alternative motion for a stay. Counterclaimant Peacock maintains that the Order of July 31, 1985, is an interlocutory one not subject to appeal, that this Court has not, therefore, been divested of jurisdiction, and that the Court should not, in any event, stay further proceedings herein.[2]

Upon consideration of the counterdefendants' "request for clarification" and alternative motion to stay proceedings, the counterclaimant's motion to ignore counterdefendants' notice of appeal, the oppositions thereto, and the parties' respective memoranda of points and authorities, the Court concludes, for the reasons set forth below, that the order of July 31, 1985, is not appealable, that proceedings in this action have not, therefore, been stayed by the appeal noticed by counterdefendants on August 26, 1985, and that the alternative motion of the counterdefendants to stay further proceedings in this action must be denied.

■ As a general rule, the filing of a timely notice of appeal has the effect of transferring jurisdiction from the district court to the court of appeals, with regard to any matters involved in the appeal. The district court is, by the filing of the notice of appeal, thus divested of authority to proceed further as to such matters. 9 *Moore's Federal Practice*, ¶ 203.11. An exception to this general rule has been recognized, however, in cases where an ap-

---

1. The amended counterclaim contained both federal securities law claims and pendent state law claims. By order entered herein on May 1, 1985, the defendant-counter-claimant's state law claims were dismissed and referred to compulsory arbitration. Subsequently, on May 28, 1985, the parties filed a stipulation dismissing the complaint of plaintiff-counterdefendant Robert Hammerman. Thus, only counterclaim-

ant's federal securities law claims remain pending at this time.

2. Counterclaimant Peacock has also filed, on August 28, 1985, a motion to compel deposition, which is not presently before the Court for determination.

peal is noticed from an order which is not appealable. In such cases, the district court can disregard the notice of appeal and proceed with the case. *Id.*, at 3–51 and cases cited therein. Thus, before continuing proceedings in the instant case, the Court must determine whether its order of July 31, 1985, is an appealable order.

In arguing that the July 31, 1985, order is appealable, counterdefendants rely on *Lee v. Ply*Gem Industries, Inc.*, 593 F.2d 1266 (D.C.Cir.1979), *cert. denied*, 441 U.S. 967, 99 S.Ct. 2417, 60 L.Ed.2d 1073 (1979). In that case, our Court of Appeals held that an order disposing of a motion for a stay is to be treated as a ruling on a motion for an injunction and, as such, is immediately appealable pursuant to 28 U.S.C. § 1292(a)(1), provided certain conditions are satisfied. Counterdefendants essentially maintain that the Court's order of July 31, 1985, denying their motion to compel arbitration, is analogous to a denial of a motion for a stay because, had the Court granted the motion to compel arbitration, the effect would have been to stay further proceedings herein pending completion of the arbitration process. The Court believes that this reasoning is faulty and that the counterdefendants' reliance on *Ply*Gem* is misplaced. The order entered herein on July 31, 1985, was not one ruling on a motion for a stay. It was, rather, plainly and simply a ruling that counterdefendants do not have a right to arbitration of the federal securities law claims in this case for the reasons set forth therein. Moreover, it has been recognized that an interlocutory order denying a motion to compel arbitration is not appealable. *Ohio-Sealy Mattress Mfg. Co. v. Duncan*, 714 F.2d 740 (7th Cir.1983), *cert. denied*, 464 U.S. 1044, 104 S.Ct. 712, 79 L.Ed.2d 176 (1984). For these reasons, the Court concludes that the appeal noticed by counterdefendants from the July 31, 1985, order has not divested this Court of jurisdiction over this action and that the proceedings herein can be continued, unless, of course, there exists adequate reason for granting, at this time, the counterdefendants' alternative motion for a stay.

In deciding whether to grant a stay pending appeal, the Court must consider whether the moving party is likely to prevail on the merits of his appeal, whether, without a stay, the moving party will be irreparably injured, whether the issuance of a stay will substantially harm other parties interested in the proceeding, and, finally, wherein lies the public interest. *Wisconsin Gas Company v. Federal Energy Regulatory Commission*, 758 F.2d 669, 674 (D.C.Cir.1985); *McSurely v. McClellan*, 697 F.2d 309 (D.C.Cir.1982). The method of analysis is the same as that applied in determining whether to grant an injunction. *National Assoc. of Farmworkers Organizations v. Marshall*, 628 F.2d 604 (D.C.Cir.1980). Application of this analysis to the instant case requires denial of counterdefendants' motion for a stay. Counterdefendants claim that they will be irreparably injured by "all of the time, effort and money expended ... in conducting further discovery, preparing pretrial submissions and conducting the trial", in the event that the Court of Appeals rules in their favor and holds that the federal securities law claims herein are subject to arbitration. This does not, however, constitute "irreparable injury" warranting the issuance of a stay pending appeal. Our own Court of Appeals has recognized that litigation costs do not rise to the level of irreparable injury. *McSurely, supra.* Not only have the counterdefendants failed to show that they will be irreparably injured unless this action is stayed pending appeal, they have also failed to demonstrate a likelihood of success on the merits of their claim that they have a right to arbitration for the reasons fully set forth in the Memorandum Opinion entered July 31, 1985, together with the order denying counterdefendants' motion to compel arbitration. As the counterdefendants have failed to make the requisite showing in these respects, the Court need go no further in determining whether to stay further proceedings in this action. The motion of the counterdefendants for a stay must be denied.

For the foregoing reasons and consistent with the foregoing opinion, the Court shall, by separate order entered together herewith, deny the motion of the counterdefendants for a stay of this action pending the appeal of its order of July 31, 1985.