**PAINTERS' PENSION TRUST FUND OF WASHINGTON, D.C. & VICINITY, et al., Plaintiffs,**

v.

**MANGANARO CORPORATION, MARYLAND, et al., Defendants.**

**Civ. A. No. 87–1243 JHP.**

United States District Court, District of Columbia.

June 30, 1988.

---

David J. Cohen, Barbara L. Camens, David S. Barr, Barr & Peer, Kenneth M. Johnson, Ellen O. Boardman, Joyce A. Mader, O'Donoghue & O'Donoghue, Washington, D.C., for plaintiffs.

Peter Chatilovicz, Marc Alan Silverstein, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., for defendants.

## MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

This action pits employer against pension fund trustee in the commercial dry wall and finishing industry. Plaintiffs, four multiemployer benefit trust funds and their respective trustees, seek relief under sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), from injuries allegedly caused by defendants' failure to comply with the reporting and contribution requirements of certain collective bargaining agreements and trust plans and agreements. The issues dividing the parties are in part the subject of two separate proceedings before the National Labor Review Board ("NLRB"), and have now spilled over into the courts. Presently pending are defendants' motion to stay or dismiss plaintiffs' complaint pending conclusion of the NLRB proceedings, and defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to the Supreme Court's recent ruling in *Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co.* ("*Advanced Lightweight*"), — U.S. —, 108 S.Ct. 830, 98 L.Ed.2d 936 (1988). For the reasons set forth below, both motions must be denied.

Turning first to the latter motion, we note that defendants' reliance on *Advanced Lightweight* is misplaced. The Supreme Court in that case recognized that two distinct duties may flow from collective bargaining agreements executed between companies and their pension trustees: "a contractual duty to make contributions to a pension fund during the term of the agreement and ... a duty under the National Labor Relations Act (NLRA) to continue making such contributions after the expiration of the contract and while negotiations for a new contract are in process." 108 S.Ct. at 832. In other words, an employer may be liable for contractually-based "promised contributions" on the one hand, and statutorily-based delinquencies on the other. In *Advanced Lightweight*, the Court ruled that sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, added to ERISA in 1980 to provide a "special remedy" for the collection of delinquent contributions, were limited in scope to the collection of "promised contributions." *Id.* at 832, 835. Thus, the Court concluded, federal district courts are empowered to entertain actions for contractual relief under ERISA, but lack jurisdiction to entertain actions for noncontractual remedies under the NLRA. Consequently, jurisdiction over the latter category of claims resides exclusively in the National Labor Relations Board ("NLRB" or "Board"). *Id.* at 833–34 (affirming lower court's holding on this point), 837.

■ Defendants contend that plaintiffs cannot point to any "promised contributions" owed by defendants, and, under the reasoning of *Advanced Lightweight*, are

therefore seeking relief which only the NLRB can provide. Defendants can reach this result only by way of a tortured reading of plaintiffs' complaint, which unmistakably seeks contractual relief for contributions allegedly owing under a collective bargaining agreement and trust agreements. It is true that defendant Sweeney Company of Maryland ("Sweeney") is not an expressly named signatory to the contracts at issue, i.e., the collective bargaining agreement and trust agreements between Manganero Company, Maryland ("Manganero") and the Painters and Allied Trades District Council No. 51 ("the Painters Union"). But the very core of plaintiffs' basis for relief is that Sweeney is in fact an "alter ego" of Manganero, which is a named party to the agreements. In short, plaintiffs' complaint seeks remedies for breach of contract ("promised contributions") allegedly due and owing during the term of the contract, not for delinquencies owing after its expiration. Complaint ¶ ¶ 8–13. Only the latter claims would arise under the defendants' statutory duty to make contributions after the agreement's expiration and during negotiations for a new contract.

As with any contract action, the court must ultimately determine who in fact were the parties to the subject agreements. But this in no way detracts from the contractual gravamen of plaintiffs' action. For this reason, *Advanced Lightweight* provides no support for defendants' attempt to divest this court of jurisdiction over the instant action, and defendants' motion on this front must be denied.

■ Defendants next propose that we stay our hand pending final resolution of the two NLRB actions presently outstanding. This we decline to do. It is undeniable that courts possess the inherent authority to stay proceedings in the interests of judicial economy and efficiency. *Landis v. North American Co.,* 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936). Indeed, stays are not infrequently granted when simultaneously pending NLRB proceedings might illuminate or resolve matters also confronting courts. *E.g., Moshlak v. American Broadcasting Co.,* 423 F.Supp. 774, 776 (S.D.N.Y.1976); *International Brotherhood of Boilermakers v. Combustion Eng.,* 337 F.Supp. 1349, 1351–52 (D.Conn.1971). In considering whether to delay its proceedings by way of a stay or dismissal, however, a court must ascertain "the true value that would follow prior completion of the related agency proceedings." *Rohr Industries v. Washington Metropolitan Area Transit Authority,* 720 F.2d 1319, 1325 (D.C.Cir.1983). In the present context, we are unable to predict with any confidence that the interests of judicial economy and efficiency will be promoted by the issuance of a stay.

■ First, the pivotal issues presently facing the court—whether the defendants are alter egos of one another and whether they constitute a single employer and bargaining unit—, while briefed and argued before the NLRB, are not necessary to its resolution of the administrative proceedings. Indeed, it would appear that if the Board endorses the central holding of the Administrative Law Judge, then it need not even address the alter ego/single employer issues. David Cohen Aff. ¶ ¶ 11–12. Moreover, the NLRB's disposition of these issues, while undoubtedly deserving of some deference, may not have preclusive effect in this court. Plaintiffs in this action are not parties to the NLRB proceedings, which were brought respectively by Manganero and the Painters Union. It is true that plaintiff trustees represent funds administered on behalf of members of the Painters Union. Yet it cannot be gainsaid that an employee's labor union and pension trustees, whatever their occasional identities of interest, have distinct obligations, rights and responsibilities, and one cannot rely on the other for protection or assertion of its interests. For this reason and others, courts have on occasion refused to accord preclusive effect to NLRB determinations of critical issues of contract interpretation. *Board of Trustees v. Universal Enterprises, Inc.,* 751 F.2d 1177, 1183–84 (11th Cir.1985) (denying preclusive effect to ALJ finding on alter ego issue); *O'Hare v. General Marine Transport Corp.,* 740 F.2d 160, 167 (2d Cir.1984); *see also Moldovan v. Great Atlantic & Pacific Tea Co.,* 790 F.2d 894, 899 (3rd Cir.1986) (citing *Uni-*

*versal Enterprises* and *O'Hare* with approval).

It finally bears noting that defendants have failed to present a claim of hardship or need that might warrant imposition of a stay. *Landis v. North American Co.*, 299 U.S. at 255, 57 S.Ct. at 166. Defendants' argument on this front is essentially three-fold. First, they contend that they will be saddled with duplicative costs and burdens if forced to litigate simultaneously a civil action and the NLRB proceedings. The simple and well-settled answer to this argument is that the usual costs attendant to litigation, however great and duplicative, do not warrant a stay. *McSurely v. McClellan*, 697 F.2d 309, 317 n. 13 (D.C. Cir.1982); *Hammerman v. Peacock*, 623 F.Supp. 719, 721 (D.C.Cir.1985).[1] Defendants also raise the specter of inconsistent verdicts should the NLRB proceedings and lawsuit proceed simultaneously. This danger lurks in this and every other case involving simultaneously pending proceedings, but cannot by itself mandate that the court discontinue its proceedings. Defendants finally insist that granting a stay might allow the NLRB to resolve certain central issues, help to winnow this action to its core, and thereby assist in the case's ultimate settlement. Disposed though we are to favor this scenario, there is not a scintilla of evidence in the record to support the notion that the parties have ever contemplated or are willing to contemplate settlement of this litigation. The court will certainly accommodate the parties' every effort to compose their differences without court intervention; at this juncture, however, it is fair to conclude that this bridge can best be crossed somewhere down the road.[2]

None of the factors considered above is by itself dispositive of the question whether dismissal or stay is appropriate pending an administrative determination. But the cumulative effect of these factors in this case counsels strongly against putting an end to court action at this point. Accordingly, it is by the court this 30th day of June, 1988

ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction is hereby denied, and it is

ORDERED that defendants' motion to dismiss, or stay, is hereby denied, and it is

ORDERED that counsel for the parties appear at a status conference on Tuesday, July 26, 1988, 9:30 a.m., Courtroom 12, United States District Court for the District of Columbia.

---

1. In any event, defendants appear to overstate the likelihood and extent of duplication. If, in fact, the central issues in this lawsuit were previously briefed in connection with the NLRB proceedings, we discern no reason why the same briefs (or the entire administrative record) cannot be submitted in this court. If the parties find it necessary to re-brief or re-argue previous recitations, then there is obviously more to this case than mere duplication of other proceedings.

2. A court considering whether to stay its hand should also consider "how long an administrative process will run before its work is done."

*Rohr Industries v. WMATA*, 720 F.2d at 1326; *id.* (when the process "threatens to drag on ... for many years, then the rationale supporting deference is much weaker"). The Court in *Rohr* noted that it could not "ignore the reality of the pace of litigation at the" administrative level. *Id.* at 1326 n. 7. Nor can we ignore the fact that the parties in this case have waited more than 18 months since the ALJ's recommended decision for final NLRB action on their *initial* administrative action; the second NLRB proceeding has been stayed pending resolution of the first.