Kelvin DANIELS; Poseidon Baskin; Djibril Toure; Hector Rivera; Raymond Ramirez; Kahil Shkymba; Bryan Stair; Tiara Bonnner; Theron McConneyhead; and Horace Rogers, individually and on behalf of a class of all others similarly situated, Plaintiffs,

v.

THE CITY OF NEW YORK; and Mayor Rudolph Giuliani; New York City Police Commissioner Howard Safir; New York City Police Officers John Does ## 1–500; New York City Police Officer Anthony Curtin; New York City Police Sergeant Peter Mante; and New York City Police Officer Walter Doyle; in their individual and official capacities, Defendants.

No. 99 CIV. 1695(SAS).

United States District Court, S.D. New York.

March 15, 2001.

Adam D. Gale, Jennifer R. Cowan, Devevoise & Plimpton, New York City, Nancy Chang, William H. Goodman, Center for Constitutional Rights, New York City, Jonathan C. Moore, Law Offices of Jonathan C. Moore, New York City, Robert F. Van Lierop, Van Lierop, Burns & Bassett, New York City, for Plaintiffs.

Ingrid Box, Heidi Grossman, Assistant Corporation Counsel, Corporation Counsel for the City of New York City, for City of New York Defendants.

Peter Blessinger, Cerrone & Geoghan, New York City, for Defendants Mante & Doyle.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

Defendants have moved for reconsideration of an Opinion and Order dated January 25, 2001 certifying a Rule 23(b)(2) class in the above captioned case. *See Daniels v. City of New York*, 198 F.R.D. 409 (S.D.N.Y.2001). In support of this motion, defendants have submitted a so-called *"Galvan* Stipulation" stating that "[d]efendants the City of New York, Mayor Rudolph Giuliani, New York City Police Commissioner Bernard B. Kerik and Detective Anthony Curtin will apply the Court's declaratory and injunctive rulings in the above-captioned action, to all persons similarly situated to the named plaintiffs." *See* January 31, 2001 Stipulation of Defendants the City of New York, Mayor Rudolph Giuliani, New York City Police Commissioner Bernard B. Kerik and Detective Anthony Curtin, Ex. A to the Declaration of Heidi Grossman, Assistant Corporation Counsel, in Further Support of Defendants' Motion for Reconsideration ("Grossman Decl."), ¶ 1. For the following reasons, which became apparent during a February 8, 2001 court conference, this Stipulation does not obviate the need for class certification. Accordingly, defendants' motion for reconsideration is denied.

The Stipulation does not render class certification a mere formality for three main reasons. *First,* discovery would be arguably more limited in the absence of a class. In the past, defendants have resisted redacting the names of nonparty Street Crime Unit officers, in part, because there was no class certification. *See* Transcript of August 15, 2000 Court Conference, Ex. C to the Affirmation of Jennifer R. Cowan, plaintiffs' attorney ("Cowan Aff."), at 18. Until recently, defendants have also objected to unredacting the names of potential plaintiffs. *See* Transcript of February 8, 2001 Court Conference, Ex. B to the Grossman Decl., at 23 (defendants objected to giving plaintiffs an unredacted UF–250 database because this motion for reconsideration was pending). *Second,* in the absence of a class, plaintiffs' counsel would not be able to conduct privileged communications with class members. The Sec-

ond Circuit has held that "[a] certification under Rule 23(c) makes the Class the attorney's client for all practical purposes." *Van Gemert v. Boeing Co.*, 590 F.2d 433, 440 n. 15 (2d Cir.1978) (absentee class members treated as parties, and therefore as clients, for purposes of assessing attorney's fees), *aff'd*, 444 U.S. 472, 100 S.Ct. 745 (1980) (cited in *Inmates of New York State With Human Immune Deficiency Virus v. Cuomo*, 90–CV–252, 1991 WL 16032, at *2 (N.D.N.Y. Feb. 7, 1991)). As it stands, the entire class is counsel's client for all practical purposes. If the class is decertified, communications would only be privileged if other alleged victims of unlawful stops became named plaintiffs in this action or in a separate action. This would unnecessarily complicate and prolong this litigation. *Third*, there are concerns over the nature and scope of relief. Although I previously stated that the "distinction between prohibitory and affirmative relief is somewhat illusory," *see Daniels*, 198 F.R.D. at 421, there are legitimate concerns over the scope of relief that can be awarded in the absence of class certification.[1] Defendants may very well argue that the type of complex, affirmative relief sought by plaintiffs is less appropriate for ten individual plaintiffs than it might be for a class of hundreds, if not thousands.

These concerns sufficiently distinguish this case from *Galvan v. Levine*, 490 F.2d 1255 (2d Cir.1973), where denial of class certification would not have had such serious collateral consequences.[2] Here, for example, defendants have not withdrawn the challenged policy as they deny that there is any inappropriate policy to withdraw. These concerns have not been ameliorated by any actions taken by the defendants. On the contrary, defendants have stated that they are not prepared to "stipulate to additional conditions other than those which defendants set forth in their proposed stipulation dated January 31, 2001." *See* February 13, 2001 Letter from Heidi Grossman, Ex. A to the Cowan Aff., at 2. Accordingly, defendants' motion for reconsideration is denied and the class remains certified.

SO ORDERED:

---

1. Plaintiffs point out that they "seek broad injunctive relief, including changes in the training, monitoring and supervision of police officers." Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Reconsideration of Class Certification at 10. Such complex relief may be less appropriate in the absence of a certified class. Furthermore, "[d]efendants may also argue that relief should be limited in other ways, such as geographically, because of the specific characteristics of the named plaintiffs." *Id.*

2. In *Galvan*, discovery was complete and the defendant had already withdrawn the challenged policy prior to any judgment. Accordingly, "[t]he practical significance of the denial of class action designation was thus limited to the claim for a mandatory injunction ordering monetary restitution." 490 F.2d at 1261. This, too, was of little significance as the court properly declined any monetary relief. *Id.* at 1262.