Kelvin DANIELS; Poseidon Baskin; Djibril Toure; Hector Rivera; Raymond Ramirez; Kahil Shkymba; Bryan Stair; Tiara Bonnner; Theron McConneyhead; and Horace Rogers, individually and on behalf of a class of all others similarly situated, Plaintiffs,

v.

THE CITY OF NEW YORK; and Mayor Rudolph Giuliani; New York City Police Commissioner Howard Safir; New York City Police Officers John Does ## 1–500; New York City Police Officer Anthony Curtin; New York City Police Sergeant Peter Mante; and New York City Police Officer Walter Doyle; in their individual and official capacities, Defendants.

No. 99 CIV 1695 SAS.

United States District Court, S.D. New York.

April 12, 2001.

Adam D. Gale, Jennifer R. Cowan, Devevoise & Plimpton, Nancy Chang, William H. Goodman, Center for Constitutional Rights, Jonathan C. Moore, Law Offices of Jonathan C. Moore, Robert F. Van Lierop, Van Lierop, Burns & Bassett, New York City, for Plaintiffs.

Ingrid Box, Heidi Grossman, Assistant Corporation Counsel Corporation Counsel for the City of New York, New York, for City of New York Defendants.

Peter Blessinger, Cerrone & Geoghan, New York, New York, for Defendants Mante & Doyle.

## MEMORANDUM OPINION AND ORDER

SCHEINDLIN, District Judge.

### I. INTRODUCTION

Plaintiffs have brought a lawsuit on behalf of themselves and all others similarly situated seeking relief for alleged constitutional violations by a unit of the New York City Police Department known as the Street Crime Unit (the "SCU").[1] A Rule 23(b)(2) class was certified in an Opinion and Order dated January 25, 2001, subject to reconsideration. *See Daniels v. City of New York*, 198 F.R.D. 409, 422 (S.D.N.Y. 2001). Oral argument was heard and an Opinion and Order denying reconsideration was issued on March 15, 2001. *See Daniels v. City of New York*, 199 F.R.D. 513, 515 (S.D.N.Y. 2001).

Defendants the City of New York, Mayor Rudolph Giuliani, former New York City Police Commissioner Howard Safir and New York City Police Officer Anthony Curtain (collectively the "City") have moved pursuant to Federal Rule of Appellate Procedure 8(a)(1) for a limited stay of discovery pending appeal of this Court's March 15, 2001 Opinion and Order. The City seeks to withhold production of the UF–250 database,[2] in unredacted form, pending the Court of Appeals' ruling on class certification.[3] For the following rea-

---

1. The SCU is an elite squad of police officers whose self-proclaimed mission is to interdict violent crime in New York City and, in particular, remove illegal firearms from the streets. *See* Third Amended Class Action Complaint for Declaratory and Injunctive Relief and Individual Damages ¶ 43.

2. The UF–250 database is a compilation of the reports of stops conducted by SCU officers.

3. The City also seeks to stay "any discovery that is relevant only to class issues." *See* March 20, 2001 Letter from Heidi Grossman, Assistant Corporation Counsel. Because the City has failed to identify particular categories of discovery that fit this description, I will only address the unredacted UF–250 database.

sons, the City's motion for a stay pending appeal is denied.

## II. DISCUSSION

■ In deciding whether to grant a stay pending appeal, a court should consider: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir.1994) (quoting *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir.1993)). *See also First City, Texas–Houston, N.A. v. Rafidain Bank*, 131 F.Supp.2d 540, 542 (S.D.N.Y. 2001). Here, these factors do not favor a stay.

■ With regard to the third factor, the City has not shown a substantial possibility of success on appeal. The City argues that this Court applied a standard substantially higher than the *Galvan* standard in declining to decertify the class.[4] The City is wrong. This Court distinguished *Galvan* on several grounds including the scope of discovery, the assertion of attorney-client privilege, and the relief to be afforded in the absence of a class. *See Daniels*, 199 F.R.D. 513, 514. In any event, a "district court's decision to certify a class will be overturned only if the district court abused its discretion" and "[a] reviewing court must exercise even greater deference when the district court has certified a class than when it has declined to do so." *Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 375 (2d Cir.1997). Rather than further debate the merits of the

City's appeal, I will turn to the remaining factors, none of which favor a stay.

The City argues that it will suffer irreparable harm in two ways if a stay is not granted. *First*, the City claims that producing the unredacted UF–250 database would constitute a significant waste of time and resources if the class certification order is reversed on appeal. This argument is without merit as "litigation costs do not rise to the level of irreparable injury." *Hammerman v. Peacock*, 623 F.Supp. 719, 721 (D.D.C.1985) (citing *McSurely v. McClellan*, 697 F.2d 309 (D.C.Cir.1982)). *See also Jayaraj v. Scappini*, 66 F.3d 36, 39 (2d Cir.1995) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.").

■ *Second*, the City argues that if this Court concludes that contacts between plaintiffs' counsel and absent class members are privileged, "the City would be denied valuable discovery to which the City would have been entitled in the absence of class certification." *See* March 20, 2001 Letter at 2. The City's complaint is that it would not be able to interview potential class members while its appeal is pending as such class members would be considered represented parties rather than non-party witnesses. The City further assumes that it would never be able to interview these potential class members even if the class was decertified on appeal. *See* April 2, 2001 Letter from Heidi Grossman at 8 ("If plaintiffs are correct, any attorney-client relationship established pending appeal (along with the attendant attorney-client privileges) would survive an order decertifying the class."). This assumption is incorrect. Only privileged communications would survive decertification. The attorney-client *relationship* between these

---

4. *See Galvan v. Levine*, 490 F.2d 1255 (2d Cir.1973), and its progeny.

two groups would end upon decertification and the status of potential class members would revert to non-party witnesses. As such, the City would be able to interview these witnesses without violating its ethical obligations. Accordingly, the City's argument is reduced to a timing problem. While the City may not be able to interview potential class members at this time, it could do so if and when the class is decertified.[5] This does not represent the type of irreparable injury needed to justify a stay pending appeal.

The remaining factors also militate against a stay pending appeal. Plaintiffs are likely to suffer a substantial injury if production of the unredacted UF–250 database is delayed. This case was filed on March 8, 1999, over two years ago. As the significant number of pretrial conferences demonstrate, discovery has been an uphill battle from the beginning. To now postpone production of key discovery in the hope of obtaining an unlikely reversal would only serve to further delay the progress of this lawsuit. Such delay, in and of itself, would constitute substantial injury to plaintiffs. Similarly, the public interest also cuts against a stay. Plaintiffs are litigating a controversial matter of serious public concern, namely racial profiling. Accordingly, the most expeditious resolution of this matter is in the public's best interest. Any unnecessary delay, including a stay pending appeal, is against the interests of justice and the public's interest in its swift pursuit.

### III.  CONCLUSION

In sum, the City has failed to show a substantial probability of success on appeal and irreparable injury in the absence of a stay. Plaintiffs, on the other hand, have shown that they would suffer a substantial

injury as would the public in the event of a stay. Accordingly, the City's motion for a stay pending appeal is denied. A conference is scheduled for April 16, 2001 at 3:00 p.m. to discuss class member determinations and related questions of privilege.

---

5.  The issue of whether an adverse party may interview absent class members is unsettled

and needs to be briefed by the parties. It will therefore be considered at a later time.